PITCHER *v.* WORLD INSURANCE COMPANY
OF OMAHA, NEBRASKA.

1. INSURANCE—MISREPRESENTATIONS MATERIALLY AFFECTING RISK ASSUMED.

  Generally, misrepresentations which would materially affect the acceptance of the risk or the hazard assumed by an insurer, may, if not estopped, justify cancellation of the policy (CL 1948, § 552.17).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 29 Am Jur, Insurance, § 306.
[2, 3] 29 Am Jur, Insurance, § 843 *et seq.*
[2, 3] Insertion by insurer's agent in application of false answers to questions correctly answered by insured, or answers suggested by agent. 81 ALR 833; 117 ALR 790; 148 ALR 507.

2. SAME—AGENT'S SELECTION · OF FACTS DISCLOSED IN ANSWERING QUESTIONS ON APPLICATION.

>  Insurance agent, not being an agent of the assured, and whose authority extended to the taking of applications for non-prorating lifetime disability benefit policy and collecting of premiums, was acting within his authority when he selected from applicant's full and truthful disclosure the facts which controlled the negative answers given to question relative to receiving medical or surgical advice or treatment or affliction with disease within the past 5 years (CL 1948, § 522.28).

3. SAME—AGENT'S INTERPRETATION OF QUESTIONS ON APPLICATION—FRAUD—RESCISSION.

>  Insurance agent's interpretation of question as to applicant's affliction with disease or treatment or advice by physician or surgeon within preceding 5 years, in the absence of fraud, is binding upon the insurer and affords no basis for rescission of nonprorating lifetime disability benefit policy.

Appeal from Washtenaw; Golden (Clayton C.), J., presiding. Submitted April 7, 1950. (Docket No. 33, Calendar No. 44,596.) Decided May 18, 1950.

Bill by Vernie C. Pitcher against World Insurance Company of Omaha, Nebraska, for declaration of rights under insurance policy. Cross bill by defendant against plaintiff for rescission of insurance policy. Decree for plaintiff. Defendant appeals. Affirmed.

*Mellott & Keyes* (*Ralph C. Keyes,* of counsel), for plaintiff.

*Roscoe O. Bonisteel* and *Charles C. Menefee,* for defendant.

BUSHNELL, J.    Plaintiff Vernie C. Pitcher petitioned in equity for a declaration of rights under a nonprorating lifetime disability benefit policy, issued to him by defendant World Insurance Company of

Omaha, Nebraska. The company filed a cross bill seeking rescission of the contract of insurance.

Pitcher learned about the company through pamphlets mailed to him. Later the company's local solicitor, Ralph J. Wagner, called at the Pitcher home. When Pitcher decided to take the insurance, Wagner read to him and his wife the questions in the application and wrote in the answers. Question 9 reads:

"Have you received medical or surgical advice or treatment or had any local or constitutional disease within the past 5 years?"

Pitcher and his wife testified that Wagner was truthfully told the details of Pitcher's medical history and was given the name of the physician. These details included a chronic cough, a hemorrhoid operation, bronchial pneumonia, and medical treatments within the previous 5-year period. The solicitor disparaged these matters and told Pitcher that he was primarily concerned with those which had required hospitalization or confinement. When Pitcher replied that he had not been in the hospital or bedridden during the past 5 years, Wagner wrote the following answers to question 9: "None — No — No."

Pitcher, after reading the application, signed it and paid the initial premium. Above his signature appears an affirmative answer to question 12, which reads:

"Do you hereby apply to the World Insurance Company for a policy to be issued solely and entirely in reliance upon the written answers to the foregoing questions which you adopt as your own, admit to be true, full and complete?"

The policy of insurance was issued on August 13, 1946, and sent to Pitcher with a copy of his applica-

tion attached. On October 20, 1947, plaintiff became ill and was confined in the University hospital at Ann Arbor until December 22d. During November, Pitcher submitted proof of his disablement, which was caused by a brain abscess operation.

Defendant disclaimed liability and tendered a return of the premiums, claiming rescission on the ground that fraudulent answers had been given to question 9. The company made no allegation and the record does not contain any suggestion of fraud by Wagner, nor collusion between Pitcher and him. Wagner was present in the courtroom during the trial, but did not testify. The trial judge found for plaintiff and dismissed defendant's cross bill.

Generally, where there are misrepresentations which would materially affect the acceptance of the risk or the hazard assumed by an insurer, it may, if not estopped, cancel the policy. CL 1948, § 522.17 (Stat Ann 1943 Rev § 24.280); *General American Life Ins. Co. v. Wojciechowski*, 314 Mich 275.

Wagner was the agent of the company and not of the assured. CL 1948, § 522.28 (Stat Ann 1943 Rev § 24.291). His authority extended to the taking of applications and the collecting of premiums. The agent was acting within his authority when he selected from plaintiff's full and truthful disclosure the facts which controlled the negative answers to question 9. *Blake v. Farmers' Mutual Lightning Protected Fire Ins. Co.*, 194 Mich 589; *Ruggirello v. Detroit Automobile Inter-Insurance Exchange*, 272 Mich 44; and *Turner v. Mutual Benefit Health & Accident Association*, 316 Mich 6, 20. See, also, *Serbinoff v. Wolverine Mutual Motor Ins. Co.*, 242 Mich 394.

Appellant relies on *Henson v. John Hancock Mutual Life Ins. Co.*, 261 Mich 693, where a policy was issued on the life of plaintiff's 10-year-old daughter when she was suffering from inflammatory rheuma-

tism and endocarditis which resulted in her death 2 months later. There the Court said: "A palpable fraud was perpetrated on defendant by its agent." The proofs in the instant case do not warrant a conclusion of either palpable fraud or collusion.

In the absence of fraud, the agent's interpretation of question 9 is binding upon the insurer and affords no basis for rescission of the contract. *Hawkeye Casualty Co.* v. *Holcomb,* 302 Mich 591; *Fidelity & Casualty Company of New York* v. *King,* 309 Mich 488; and the *Ruggirello* and *Turner Cases, supra.* See, also, 148 ALR 507.

The decree is affirmed, with costs to appellee.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.