### ALLSTATE INS. CO. v. ORLOFF et al.
### No. 11016.

United States District Court
E. D. Michigan, S. D.
June 24, 1952.

Carl F. Davidson, Detroit, Mich., for plaintiff.

David I. Hubar, Detroit, Mich., for defendants.

PICARD, District Judge.

Declaratory judgment action by Allstate Insurance Company seeking an adjudication that an automobile insurance policy issued to Julia Orloff pursuant to application filed August 24, 1950, is void and of no effect whatsoever.

Allstate Insurance Company returned Julia Orloff's premium and refused liability on April 23, 1951, alleging fraud in the application and false statements as filed therein materially affecting the acceptance of the risk involved and the hazards assumed by plaintiff insurer.

The issues are whether Julia Orloff answered all plaintiff's questions on the application for insurance truthfully or with an intent to deceive, and, if not truthfully, whether the misstatements prompted plaintiff to assume a risk materially contrary to its actual intent and purpose.

The particular question revolves around Leonard Orloff's (the husband's) driving record, which is poor. He was driving his wife's car at the time of the March 14, 1951 accident.

In brief the husband's record is as follows:

Between 1938 and 1948 inclusive, he received 41 traffic tickets;

August 12, 1942, his license was suspended for 90 days;

During 1949 he received 9 tickets and on November 2, 1949, his license was revoked.

Previously on July 20, 1950, both defendants sought automobile insurance from

the AAA which was refused, a letter to that effect being sent to them on August 4, 1950.

### Findings of Fact

Testimony at the trial established that Allstate Insurance Company issued a policy to Julia, the wife herein, "in reliance upon the statements in the declaration" of her application and based upon the fact that she would usually be the sole driver of the car.

That the questions "Has any insurer ever cancelled any automobile insurance issued, or refused any automobile insurance to the applicant or to any of his household" and "Has any automobile license or permit to applicant or to any of his household to drive an automobile ever been suspended, revoked or refused" were answered falsely, cannot be denied.

■ Plaintiff claimed and proved to the satisfaction of this court that had the husband Leonard's traffic record been disclosed, as it would have been had the questions asked been answered truthfully, Allstate Insurance Company would not have issued the policy, or at least it would have suspended its benefits whenever the husband happened to be driving the car. No reason has been advanced to prompt this court to overrule this finding. The reluctance of other insurance companies to accept Leonard at the wheel is additional support for plaintiff's contention.

■ It has been established that defendants lived together in the same house and that the wife, Julia Stott Orloff, must have known her husband's driving record and failed to make known to plaintiff the complete truth. Further she knew that her husband had been refused insurance because he was a bad risk. That plaintiff's investigation did not reveal all the facts is immaterial. Insurance policies are contracts and must be entered into in good faith by all parties. Fricke v. International Harvester Co., 8 Cir., 247 F. 869.

### Conclusions of Law

■ Burden of proof is on plaintiff to disavow liability.

■ Materiality of misstatement is for the court. Northwestern National Life Ins. Co. v. Nalbant, 6 Cir., 119 F.2d 725

Having deceived plaintiff to its detriment by answering material questions falsely, defendants cannot look to plaintiff for automobile coverage.

■ The provisions of M.S.A. 24.280, Comp.Laws 1948, § 522.17, that falsity in an application is no bar unless made with actual intent to deceive or materially affecting acceptance of the risk or hazards assumed by the insurer have been found applicable and satisfied in this matter of automobile insurance. Pitcher v. World Ins. Co. of Omaha, Nebraska, 327 Mich. 520, 42 N.W.2d 735; North Amer. Life Assurance Co. v. Jones, 287 Mich. 298, 283 N.W. 587; Bonewell v. Accident Ins. Co., 167 Mich. 274, 132 N.W. 1067. This court rules the policy of automobile insurance between plaintiff and defendants null and void from its inception.

An order so stating may be presented to this court for its signature.