HOUSOUR *v.* PRUDENTIAL LIFE INSURANCE
COMPANY OF AMERICA.

1. INSURANCE—APPLICATION FOR LIFE POLICY—MISREPRESENTATION
—CANCELLATION.

Misrepresentation in an application for a life insurance policy
must be a material misrepresentation in order to justify a court
in ordering cancellation of the policy (CLS 1961, § 500-
.2218[4]).

2. SAME—STATUTORY PRESUMPTION OF MATERIAL MISREPRESENTATION
—PRIVILEGED RELATION.

Statutory presumption that misrepresentation proved by the
insurer in an action to rescind or recover on contract of in-
surance shall be material if person claiming under the policy
prevents full disclosure and proof of the nature of the medical
impairment applied, where defendant called physicians who
had treated insured about a year and a half before policy
was issued but were prevented from testifying by invocation
of the ground of privilege (CLS 1961, § 500.2218[4]).

3. SAME—MATERIAL MISREPRESENTATION IN APPLICATION FOR LIFE
INSURANCE.

A misrepresentation in an application for life insurance which
is such that the insurer would not have entered into the contract
had it had knowledge of the facts is deemed material by statute
(CLS 1961, § 500.2218[1]).

4. SAME—MISREPRESENTATION—WAIVER.

A waiver of one misrepresentation in an application for life in-
surance does not constitute a waiver of another when the insurer
had no reason to believe the second misrepresentation was also
false.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur, Insurance §§ 420–422.
[2] 29 Am Jur, Insurance §§ 720–723, 753, 754.
[3] 29 Am Jur, Insurance § 701.
[4] 29 Am Jur, Insurance §§ 705, 1053.
[5, 6] 50 Am Jur, Statutes §§ 157, 450, 451.
  Title of statutes as an element bearing upon their construction.   37
  ALR 927.
[7] 50 Am Jur, Statutes § 190.

5. STATUTES—CATCH LINE HEADINGS.

> The catch line heading of a statute is no part of the section or the statute but is inserted for purposes of convenience (CL 1948, § 8.4b).

6. SAME—CATCH LINE HEADINGS—INSURANCE.

> The absence of a reference to life insurance in the catch line of a statute does not limit the statute to affect only such types of insurance as were mentioned in the catch line (CL 1948, § 8.4b).

7. INSURANCE—CONSTITUTIONAL LAW—STATUTES—SINGLE OBJECT OF STATUTE.

> Fact that section of the insurance code embraces more than 1 kind of insurance does not contravene provision of Constitution limiting a statute to 1 object, since the insurance code consolidates all statutes relating to insurance (Const 1908, art 5, § 21; CLS 1961, § 500.100 *et seq.*).

Appeal from Genesee; Parker (Donn D.), J. Submitted Division 2 June 8, 1965, at Detroit. (Docket No. 181.) Decided September 20, 1965. Rehearing denied October 27, 1965. Leave to appeal denied by Supreme Court January 14, 1966. See 377 Mich 697.

Complaint by Josephine Housour against Prudential Life Insurance Company of America to recover proceeds, as beneficiary, of a life insurance policy issued on the life of plaintiff's deceased husband. Counterclaim for rescission of the life insurance policy by defendant company. Judgment for defendant. Plaintiff appeals. Affirmed.

*Joseph & Joseph (Joseph R. Joseph,* of counsel), for plaintiff.

*Hoffman & Rubenstein (Gilbert Y. Rubenstein,* of counsel), for defendant.

J. H. GILLIS, P. J. This is an action brought by Josephine Housour, as beneficiary, to recover the

proceeds of a life insurance policy, issued February 22, 1961, by defendant Prudential Life Insurance Company of America on the life of her husband, Harry Housour, who died on October 26, 1962, of acute coronary thrombosis.

In his application for insurance, decedent affirmatively answered the question whether he ever had X rays, electrocardiograms, blood or other medical tests. In the space provided to elaborate on every affirmative answer the decedent stated only that he had an appendectomy in 1932 and had lost four fingers in 1942. He also stated that he had never been treated for nor had any known indications of heart trouble or murmur, chest pain, high blood pressure, or abnormal pulse. Decedent further stated in the application that he had not been intoxicated within the last five years.

Defendant, prior to the issuance of the policy, investigated and discovered that decedent had a history of excessive drinking during a portion of the five-year period in question. As a result of this discovery the policy was issued at a higher rate.

Defendant learned after decedent's death that he had consulted two doctors on several occasions during August and September of 1959. Defendant tendered a full return of all premiums paid upon the policy and plaintiff brought this action for the proceeds of the policy. Defendant counterclaimed for cancellation of the policy, contending that there were material misrepresentations in the insurance application which, if known to defendant, would have led to its refusal to enter into the insurance contract.

The agreed concise statement of facts contains the following:

"Dr. Woodruff, called as a witness by the defendant, was not permitted to testify that he had caused an electrocardiogram to be made on Mr. Housour in

September, 1959, at Dr. Murphy's request. The plaintiff's attorney objected to further questions of Dr. Woodruff upon the ground of privilege so this witness was excused in order for defendant to call Dr. Murphy.

"Dr. Murphy, called by the defendant, testified that Housour saw him professionally on August 5, 7, 10, 14, and 28, and on September 11 and 21 of 1959. Plaintiff's attorney objected upon the same ground of privilege to questions put to Dr. Murphy concerning his findings and treatment of Mr. Housour as a result of each of his said visits above mentioned."

At the close of the proofs, the court granted defendant's request for a directed verdict for cancellation of the policy and ordered defendant to refund the premiums collected. In granting the motion the court relied on the provisions of CLS 1961, § 500.2218 (4) (Stat Ann 1963 Cum Supp § 24.12218[4]), which reads as follows:

"If in any action to rescind any contract or to recover thereon, any misrepresentation is proved by the insurer, and the insured or any other person having or claiming a right under the contract, shall prevent full disclosure and proof of the nature of the medical impairment, the misrepresentation shall be presumed to have been material."

In order to affirm the trial court's cancellation of the policy, we must find that there was a material misrepresentation made by the decedent in his application for insurance.

Plaintiff, by invoking the claim of privilege during the trial when decedent's doctors commenced their testimony, prevented full disclosure and proof of the nature of the medical impairment. The above statute applies, and the misrepresentation is presumed to be material.

Further, defendant alleged in its counterclaim and plaintiff admitted in her answer that had the insurer

known of the misrepresentation in the application it would not have entered into the contract. By statute the misrepresentation is also deemed material.

"No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make the contract." CLS 1961, § 500.2218(1) (Stat Ann 1963 Cum Supp § 24.12218[1]).

Plaintiff next contends that, despite the fact that defendant discovered that the decedent had wrongfully answered the question concerning his drinking habits, it still issued the policy and therefore waived any further imperfections in the application. A similar proposal was advanced in *Moore* v. *Mutual Reserve Fund Life Association* (1903), 133 Mich 526, 532, which held "there can be no waiver nor estoppel which does not involve the knowledge by the company of the facts upon which the waiver or estoppel rests." This Court must conclude that a waiver of one misrepresentation does not constitute a waiver of another when the "waivor" had no reason to believe the second representation was also false.

Plaintiff's final argument is that CLS 1961, § 500-.2218 does not apply because the catch line of the statute refers only to disability insurance. Appellant also contends that by including the term "life insurance" in subsection 4 the statute embraces more than one object and is therefore in violation of the 1908 Michigan Constitution. Const 1908, art 5, § 21.*

The first portion of appellant's argument is met explicitly by CL 1948, § 8.4b (Stat Ann 1961 Rev § 2.215) which states: "The catch line heading * * * shall in no way be deemed to be a part of the section or the statute * * * but shall be deemed to be

---

* See, currently, Const 1963, art 4, § 24.

inserted for purposes of convenience." The absence of a reference to life insurance in the catch line does not limit the statute to disability insurance. As to the second portion of appellant's argument, the inclusion of the term "life insurance" in subsection 4 does not render the statute unconstitutional as embracing more than one object. The insurance code of 1956 (PA 1956, No 218, CLS 1961, § 500.100 *et seq.*, Stat Ann 1957 Rev § 24.1100 *et seq.*), consolidates all statutes relating to insurance. The inclusion of "life insurance" in subsection 4 is not in contravention of the constitutional requirement.

Judgment affirmed. Costs to appellee.

T. G. KAVANAGH and QUINN, JJ., concurred.