LIPSKY v. WASHINGTON NATIONAL
INSURANCE COMPANY.

1. INSURANCE—KNOWLEDGE OF AGENT.
   Information imparted to an insurance agent is imputed to the insurer, and the insurer is bound by the interpretation placed on the applicant's statement by the insurance agent.

2. SAME—MISREPRESENTATION.
   Misrepresentation, in insurance law, refers to a truth synonymous with sincerity and lack of fraud, rather than to the literal meaning of truth, which is relating things exactly as they are.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  29A Am Jur, Insurance § 1019.
[2]  29 Am Jur, Insurance § 698.
[3]  29 Am Jur, Insurance §§ 698–704.
[4]  29 Am Jur, Insurance §§ 700, 701.
[5]  29 Am Jur, Insurance §§ 700–702.
[6, 7]  29 Am Jur, Insurance §§ 698–704, 722.
[8, 9]  29A Am Jur, Insurance §§ 1853, 1854, 1956.
[10]  29 Am Jur, Insurance §§ 698–704, 722.
       29A Am Jur, Insurance §§ 1853, 1854, 1956.
[11]  20 Am Jur 2d, Costs §§ 14–16.

3. SAME—APPLICATION—MISREPRESENTATIONS.

The truth or falsity of a representation in an application for hospitalization insurance policy is examined in light of what the applicant knew or had reason to know at the time of his application, and not whether the representations related to things exactly as they were, the latter, more strict rule being a hangover from older cases which were construed in favor of the insurer.

4. SAME — HOSPITALIZATION POLICY — MISREPRESENTATIONS — MATERIALITY.

An applicant for a hospitalization insurance policy is not specially equipped to determine what facts are material to the acceptance of a risk, and while he may be expected to answer in good faith the questions that are put to him, he cannot be expected to bring an understanding of medicine beyond that of the medical profession to the problem of materiality.

5. SAME—HOSPITALIZATION POLICY—MATERIALITY.

Minor ailments which do not materially affect or weaken an insurer are not considered to affect the risk under a hospitalization insurance policy.

6. SAME — HOSPITALIZATION POLICY — APPLICATION — MISREPRESENTATIONS—MATERIALITY—FRAUD.

Claim by defendant insurer, which denied liability for medical expenses incurred by plaintiff on behalf of his daughter under the provisions of a hospitalization policy issued by defendant to plaintiff, which also insured plaintiff's daughter, that the trial court erred in failing to instruct the jury that a false statement in an application for insurance which materially affects the risk is grounds for voidance of the policy, even when made in good faith and without knowledge of falsity, *held*, without merit, since misrepresentation, in insurance law, refers to a truth synonymous with sincerity and lack of fraud, it being necessary to establish fraud in the application to avoid liability on the policy.

7. SAME — HOSPITALIZATION POLICY — APPLICATION — MISREPRESENTATION—FRAUD.

Trial court's instructions to the jury that defendant insurer, which denied a claim made by plaintiff under the provisions of a hospitalization policy issued by defendant on the basis of alleged materially false representations made by plaintiff in his application for insurance, that it was necessary for defendant to establish fraud in order to avoid liability on said policy *held*, a proper statement of the law.

8. Same—Hospitalization Policy—Liability.

The limit and extent of liability under the provisions of a hospitalization policy are dependent upon the interpretation of the policy of insurance, and are a matter of law for the court to decide once liability has been established.

9. Same—Hospitalization Policy—Liability.

It is error for a trial court to allow the jury to determine the amount due under the provisions of a hospitalization policy since, once liability has been established, the limit of liability is dependent upon an interpretation of the policy of insurance, a matter of law for the court to decide.

10. Same — Hospitalization Policy — Sufficiency of Evidence — Misrepresentation—Fraud—Damages.

Judgment for plaintiff claiming benefits under the provisions of a hospitalization policy, as the result of medical expenses incurred on behalf of his daughter, which policy defendant claimed was voidable because of material misrepresentations allegedly made by plaintiff in his application for insurance as to the daughter's prior health held, proper as to liability, but erroneous as to damages, where the trial court properly instructed the jury that defendant must establish fraud on the part of plaintiff to avoid liability on its policy, there was evidence that plaintiff considered his daughter's condition minor at the time he completed the application, that such opinion was gained from and shared by the physician who had previously treated the daughter, and the application was completed by defendant's agent, based upon his interpretation of information given by plaintiff, such evidence being sufficient to justify the jury in finding that no fraud existed, although the trial court was in error in leaving the amount due for determination by the jury, since once liability is established under such a policy, amount of damages is dependent upon an interpretation of the policy, and is for the court to decide.

11. Costs—Appeal and Error—Neither Party Prevailing.

No costs are allowed on appeal, where neither party has prevailed in full.

Appeal from Common Pleas Court of Detroit; Farmer (Charles S.), J. Submitted Division 1 February 9, 1967, at Detroit. (Docket No. 1,680.) Decided October 3, 1967.

Complaint by Irving I. Lipsky against Washington National Insurance Company, a foreign corporation, to compel payment of medical expenses pursuant to the provisions of a hospitalization policy issued to plaintiff by defendant.  Judgment for plaintiff.  Motion for judgment notwithstanding the verdict or a new trial denied.  Defendant appeals. Affirmed as to liability, but remanded for computation of damages.

*Eli Friedman,* for plaintiff.

*Max H. Horwood,* for defendant.

McGREGOR, J.  On March 16, 1963, the appellee made written application to the appellant insurance company for a policy of hospitalization insurance on himself, his wife, and his daughter, Rhoda.  The application for insurance included a standard-type questionnaire, which, among other things, asked for the medical history of the covered persons as to specific ailments, medical treatment, or medical consultations.  The agent for the insurance company filled out the form during a conversation with the appellee and the appellee signed it.  The major point in this case revolves around the "no" answer recorded to the question of prior medical consultation.  The appellee told the agent that Rhoda had seen a doctor for what he considered to be minor and inconsequential ailments.  As the facts later developed, Rhoda, just 2 months later, was admitted to the hospital for extensive treatment of regional ileitis.  Appellant insurance company refused to make payment for Rhoda's illness on the ground that the policy was void because of the misrepresentations of the appellee on the insurance policy, claiming "the likelihood would be overwhelming that

it was the same disease developing" when the policy was applied for.

Appellee brought suit for payment under the policy and for damages due to having cancelled out other hospitalization insurance in the expectation of having a valid policy with the appellant. The appellant argued below, as it argued before this Court, that under Michigan law, a false statement in an application for insurance which materially affects the assumption of the risk by the insurer, even when made in good faith and without knowledge of its falsity on the part of the person making the statement, is grounds for a voidance of the policy. The appellee argued, and the judge in his charge emphasized, that the issue was fraud and recovery could be defeated by showing appellee fraudulently obtained the insurance policy. The jury returned a verdict which was less than the total medical bills incurred by the appellee for his daughter, but more than he could have received under the terms of the policy, had the appellant chosen to honor it. The appellant appeals, claiming that the charge was incorrect and that the verdict was excessive as a matter of law.

The issue of a difference in the "no" answer that appeared on the application and the appellee's undisputed answer that his daughter had been treated for what he considered minor ailments, is controlled by *Pitcher* v. *World Insurance Company of Omaha, Nebraska* (1950), 327 Mich 520, *Hughes* v. *John Hancock Mutual Life Insurance Company* (1958), 351 Mich 302, *Prudential Insurance Company of America* v. *Cusick* (1963), 369 Mich 269, and numerous other Michigan cases which hold that the information imparted to an insurance agent is imputed to the insurer, and the insurer is bound by the interpretation placed on the applicant's statement by the insurance agent. Here, the agent interpreted

appellee's answer as "no"; therefore, an issue can only be raised about the oral answer of the appellee to the question of prior medical consultation or treatment.

The appellant brings to this Court strong statements from several cases to support its position that the issue should not be fraud, but rather misrepresentation, however innocent or unknown. *Michael* v. *World Insurance Company* (CA 6, 1958), 254 F2d 663, interpreted Michigan law as the appellant does, and indeed, was used by the appellant in its brief on appeal. Like statements can be found in *General American Insurance Company* v. *Wojciechowski* (1946), 314 Mich 275. However, as correctly pointed out in *Ranger, Inc.,* v. *Equitable Life Assurance Society of the United States* (CA 6, 1952), 196 F2d 968, Michigan precedents can be found both for and against the theories argued by the parties in this case. Under one impressive line of cases, the appellant would be upheld, and under another equally impressive line of cases, the appellee would be upheld. The applicable statute, CLS 1961, § 500.2218 (Stat Ann 1965 Cum Supp § 24-.12218) offers little help, as its emphasis is upon the materiality of any representation and the appellant has offered adequate proof that the policy would never have issued if it knew that the appellee's daughter had ileitis at the time of the application (if, indeed, she did have).

Had it not been for the extensive and recent attention focused on this matter by Judge McAllister, senior circuit judge of the Federal sixth circuit court of appeals, in *Franklin Life Insurance Company* v. *William J. Champion & Company* (CA 6, 1965), 350 F2d 115, *certiorari denied* (1966), 384 US 928 (86 S Ct 1445, 16 L ed 2d 531), this Court would have had little outside help in reconciling two

diverse and strong lines of Michigan precedent. Drawing upon the leading case of *Moulor* v. *American Life Insurance Company* (1884), 111 US 335 (4 S Ct 466, 470, 28 L ed 447), Judge McAllister observed that, in insurance law, misrepresentation refers to a truth synonymous with sincerity and lack of fraud, rather than to the literal meaning of truth, which is relating things exactly as they are. The truth or falsity of a representation on an insurance policy should be examined in the light of what the applicant knew or had reason to know at the time of his application. The contrary, more literal, and more strict rule would seem to be a "hangover" from older cases which were construed in favor of the insurer. It must be remembered:

"The insured is not specially equipped to determine what facts are material to the acceptance of a risk. He may be expected to answer in good faith the questions that are put to him, but not to bring an understanding of medicine beyond that of the medical profession to the problem of materiality." *Franklin Life Insurance Company* v. *William J. Champion & Company, supra,* at p 129.

In the case before us, the appellee answered the questions put to him by the insurance application and the insurance agent. We agree with Judge McAllister that his answers should not be judged on a standard beyond which the appellee was capable of answering. There is evidence that the appellee's opinion on the minor consequences of his daughter's ailments was gained from and shared by the physician who had examined the daughter. Even if the appellant were not bound by the interpretation of the insurance agent, it is uncontradicted in this case that minor ailments which do not materially affect or weaken the insurer are not considered to affect the risk. See *Bendford* v. *National Life*

*& Accident Insurance Company* (1959), 356 Mich 52. Accordingly, we find no error on the charge to the jury on the issue of misrepresentation.

Whether the award was excessive as a matter of law must be decided with reference to the resolution of the preceding issue as to liability. Liability was established on the theory that the policy is in full force and effect. With liability established, the limit of liability is dependent upon the interpretation of the policy of insurance, which is a matter of law for the court to decide. See 29A Am Jur, Insurance, § 1946, p 999. The trial court was in error in leaving the determination as to the award under the policy to the jury, and the case must be remanded for a determination of the amount of liability under the policy by the trial judge. This Court is unable to make the determination because adequate information to make such a decision was not submitted on appeal.

The judgment of the lower court that the appellant is liable under the policy, based on the jury verdict, is affirmed. This case is remanded solely for the purpose of a determination, as a matter of law, of the policy limits. No costs are allowed, as neither party fully prevailed in his respective argument.

LEVIN, P. J., and BURNS, J., concurred.