**Llona DICK, Plaintiff-Appellant,**

v.

**JOHN HANCOCK MUTUAL LIFE INSURANCE CO., Defendant-Appellee.**

**No. 20174.**

United States Court of Appeals, Sixth Circuit.

Nov. 25, 1970.

Norman L. Zemke, Detroit, Mich., for plaintiff-appellant; Citron & Citron, Ernest L. Citron, Detroit, Mich., on brief.

Charles F. Clippert, Detroit, Mich., for defendant-appellee; Dickinson, Wright, McKean & Cudlip, Edgar C. Howbert, Jr., Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, and CELEBREZZE and BROOKS, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from the United States District Court for the Eastern District of Michigan involving payment to the Appellant-Beneficiary on a life insurance policy issued by the Appellee-Insurer. The District Court, at the conclusion of all the evidence, held that the misrepresentations admittedly made by the insured were material as a matter of law and directed a verdict in favor of the insurer.

Prior to the trial, the parties stipulated the existence of a $40,000 insurance policy on the life of the insured and that the insured was deceased. During the course of the trial, substantial unrebutted evidence was introduced that the insured falsely represented to the Appellee that he had not consulted, been treated, or examined by a physician in the five years preceding the medical examination for the insurance policy.

To prove that the insured represented that he had not consulted with or been examined by a doctor in the prior five years, the Appellee introduced into evidence the medical questionnaire (Part B) of the insurance policy, as well as supporting testimony from the insurance company's medical examiner. And to prove the falsity of the insured's representations, the Appellee introduced testimony of a doctor that the insured had seen the doctor on nineteen occasions in the five years prior to the writing of the policy. Appellee also sought to elicit information with respect to the nature of the medical problems of the insured-decedent. Appellant, however, revoked her prior waiver of medical privilege of the insured. By so doing, the Appellant prevented the Appellee from investigating and disclosing proof on the nature of the medical impairments, if any, of the insured.

Upon the above facts, both parties moved for a directed verdict. Appellant based her motion on the stipulated existence of the policy and Appellee's failure to show that it would not have issued

that policy had it known of the insured's false representations. And Appellee based its motion on Appellant's use of the doctor-patient privilege to prevent the Appellee from showing the misrepresentations of the insured were material to the issuance of the policy. The District Court granted the Appellee's motion and denied the Appellant's motion relying upon the statutory language of the Compiled Laws of Michigan of 1948, § 500.2218, as amended in 1957. MSA § 24.12218.

Appellant's motion for a directed verdict relies primarily upon the language in the Michigan Insurance Code prior to the 1957 amendments of the challenged sections. Prior to 1957, the Compiled Laws of Michigan, § 500.2218 stated:

> "The falsity of any statement in the application for any disability insurance policy * * * may not bar the right to recover thereunder unless such false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer."

Appellant, relying on the language in the above-quoted paragraph contends that the insurer failed to produce evidence that the insured's admitted false statements either "affected * * * the acceptance of the risk or the hazard assumed by the insurer." In other words, that the insurer has failed to show that it relied on the false statements of the insured to its detriment as required by statute.

In 1957, however, nine years before the issuance of the challenged insurance policy, Michigan amended its insurance code, MSA § 24.12218, by adding four paragraphs to the above-quoted section so that the section now reads as follows:

> § *24.12218 Disability insurance; false statements in application; material misrepresentation, definition, effect.*] Sec. 2218. The falsity of any statement in the application for any disability insurance policy covered by chapter 34 of this code may not bar the right to recovery thereunder un-

less such false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer.

(1) No misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless the misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make the contract.

(2) A representation is a statement as to past or present fact, made to the insurer by or by the authority of the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof. A misrepresentation is a false representation, and the facts misrepresented are those facts which make the representation false.

(3) In determining the question of materiality, evidence of the practice of the insurer which made the contract with respect to the acceptance or rejection of similar risks shall be admissible.

(4) A misrepresentation that an applicant for life, accident or health insurance has not had previous medical treatment, consultation or observation, or has not had previous treatment or care in a hospital or other like institution, shall be deemed, for the purpose of determining its materiality, a misrepresentation that the applicant has not had the disease, ailment or other medical impairment for which such treatment or care was given or which was discovered by any licensed medical practitioner as a result of such consultation or observation. If in any action to rescind any contract or to recover thereon, any misrepresentation is proved by the insurer, and the insured or any other person having or claiming a right under the contract, shall prevent full disclosure and proof of the nature of the medical impairment, the misrepresentation shall be presumed to have been material.

From a reading of the amended language, it is apparent that the Michigan legislature was seeking to define with some particularity when false representations will defeat recovery under an insurance policy. The amended paragraphs define a misrepresentation § 24.-12218(2), establish procedures for determining whether a misrepresentation is admissible and material § 24.12218(3) and (4), and require that a misrepresentation be material before it can avoid any contract of insurance § 24.12218(1).

Based upon the amended statute, the District Court properly denied Appellant's motion and correctly granted Appellee's motion for a directed verdict. The amended statute provides that once an insurer has proved a misrepresentation and the insured or any of the beneficiaries of the policy "prevent full disclosure and proof of the nature of the medical impairment" of the insured, the misrepresentations of the insured "shall be presumed to have been material." MSA § 24.12218(4). We are presented with an admitted misrepresentation concerning the medical health of the insured. The Appellant—by invoking the doctor-patient privilege—prevented full disclosure of the medical nature of the insured's medical impairment. In such cases, MSA § 24.12218(4) presumes that the misrepresentation was material to the insurer's decision to issue the policy. Housour v. Prudential Life Ins. Co. of America, 1 Mich.App. 455, 136 N.W. 2d 689 (1965); Dedic v. Prudential Insurance Co. of America, 14 Mich.App. 274, 157 N.W.2d 295 (1968).

We find no merit in Appellant's contention that the materiality presumed in MSA § 24.12218(4) does not refer to the likelihood that such false statements would have "materially affected either the acceptance of the risk or the hazard

assumed by the insurer." MSA § 24.-12218. It is undisputed that MSA § 24.-12218(4) presumes that under the circumstances of this case the insured's misrepresentations were "material." In Housour v. Prudential Life Ins. Co. of America, supra, the Supreme Court of Michigan held that where a false representation of the insured is presumed "material" because of assertion of the doctor-patient privilege, the reviewing court should "affirm the trial court's cancellation of the policy." 136 N.W.2d at 690. Further, we find that the word "material" is used consistently throughout the statute to characterize those facts which, if true, would have "led to a refusal by the insurer to make the contract." MSA § 24.12218(1). Applying these principles, we find that the plain meaning under the statute of a material misrepresentation is one that "materially affected either the acceptance of the risk or the hazards assumed by the insurer."

In so holding, we do not reach the instances cited by Appellant where the beneficiary under the policy goes forward to rebut the statutory presumption of materiality by introducing evidence of the good health of the insured and of the minor nature of any illnesses which he may have had treated. *See* Bendford v. National Life & Accident Ins. Co., 356 Mich. 52, 96 N.W.2d 113, 118 (1959). Nor do we have occasion to consider those instances cited by Appellant where the doctor-patient privilege has not been invoked to prevent the disclosure of the medical problems of the insured. In such a case, the insurer would be required to prove his detrimental reliance. Franklin Life Ins. Co. v. William Champion & Co., 350 F.2d 115 (6th Cir. 1965), cert. denied, 384 U.S. 928, 86 S.Ct. 1445, 16 L.Ed.2d 531 (1966); Michael v. World Ins. Co., 254 F.2d 663 (6th Cir. 1958); Lipskey v. Washington National Ins. Co., 7 Mich.App. 632, 152 N.W.2d 702 (1967).

The judgment of the District Court is affirmed.