*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMCO INSURANCE COMPANY,

      Plaintiff/Counterdefendant-
      Appellee,

v

INVECOR LLC, doing business as AMB
BUSINESS SUPPLY,

      Defendant,

and

SPARKLE HILL, INC,

      Defendant/Counterplaintiff-
      Appellant.

UNPUBLISHED
July 25, 2019

No. 342498
Oakland Circuit Court
LC No. 2016-154201-CK

Before: TUKEL, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

In this action for declaratory judgment, defendant Sparkle Hill, Inc. (Sparkle Hill) appeals as of right the trial court's order granting summary disposition in favor of plaintiff, AMCO Insurance Company (AMCO). The trial court ruled that the insurance policy that AMCO issued to Invecor LLC, doing business as AMB Business Supply (AMB), did not provide coverage for Sparkle Hill's claims against AMB in an underlying action filed in federal district court. We affirm.

This appeal involves an insurance coverage dispute over whether the policies issued by AMCO to its insured, AMB, covers the underlying claims Sparkle Hill brought against AMB.

In 2013, Sparkle Hill filed its initial complaint against AMB in the underlying action in federal district court. In its third amended complaint, Sparkle Hill alleged that AMB had transmitted unsolicited facsimiles to Sparkle Hill and others similarly situated in or about

-1-

January 2007, which purportedly violated the Telephone Consumer Protection Act, 47 USC 227; an analogous New Jersey statute, NJ Stat Ann 56:8-157 *et seq.*; and the New Jersey Consumer Fraud Act, NJ Stat Ann 56:8-1 *et seq.*

Prior to 2006, AMCO had issued policies to AMB that provided for defense and indemnity coverage for claims brought against AMB for causing "personal and advertising injury." However, AMCO alleges that prior to the relevant policy period (May 2006 to May 2007), it had added a new exclusion to AMB's policy, which excluded coverage for "Violation of Statutes that Govern Emails, Fax, Phone Calls or Other Methods of Sending Materials or Information." The policy renewal packet had been mailed to AMB's insurance agent, the Patrick Stevens Agency.

AMCO filed this complaint for declaratory judgment against defendants in July 2016, seeking a determination that AMCO owed no duty to provide insurance coverage or a defense to AMB for the claims Sparkle Hill raised in the underlying action. AMCO alleged that it had been defending AMB in the underlying action under a reservation of rights but that it had no duty to provide coverage or defense to AMB under the terms of the insurance policy. Ultimately, the trial court granted AMCO's motion for summary disposition, finding that the exclusion in the insurance policy regarding violation of statutes precluded coverage for Sparkle Hill's claims in the underlying action.

## I. SUMMARY DISPOSITION

Sparkle Hill argues that the trial court erred when it granted AMCO's motion for summary disposition because AMCO failed to provide any evidence that AMB received notice regarding the addition of the statutory-violation exclusion in the insurance policy when it was renewed in 2006. Further, Sparkle Hill argues that, even if notice had been sent to and received by the Patrick Stevens Agency, the Patrick Stevens Agency was not an independent insurance agent and therefore its knowledge cannot be imputed to AMB. We disagree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). A motion for summary disposition under MCR 2.116(C)(10) tests the factual support of the plaintiff's claim and should be granted if no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law. *Michalski v Bar-Levav*, 463 Mich 723, 729-730; 625 NW2d 754 (2001). "When evaluating a motion for summary disposition under MCR 2.116(C)(10), 'a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion.' " *Innovation Ventures, LLC v Liquid Mfg, LLC*, 499 Mich 491, 507; 885 NW2d 861 (2016), quoting *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

The interpretation of an insurance contract is a question of law that this Court reviews de novo. *Morely v Auto Club of Mich*, 458 Mich 459, 465; 581 NW2d 237 (1998). " 'An insurance policy is much the same as any other contract. It is an agreement between the parties in which a court will determine what the agreement was and effectuate the intent of the parties.' " *Dancey v Travelers Prop Cas Co of Am*, 288 Mich App 1, 8; 792 NW2d 372 (2010), quoting *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 566; 489 NW2d 431 (1992).

An "insurer should bear the burden of proving an absence of coverage." *Hunt v Drielick*, 496 Mich 366, 373; 852 NW2d 562 (2014) (quotation marks and citation omitted). Generally, "[a]n insured is obligated to read the insurance policy and to raise questions concerning coverage within a reasonable time after issuance of the policy." *Koski v Allstate Ins Co*, 213 Mich App 166, 170; 539 NW2d 561 (1995), rev'd on other grounds 456 Mich 439 (1998). "However, an exception to this rule exists where a policy is renewed without actual notice to the insured that the policy has been altered." *Id.* (quotation marks and citations omitted). Thus, "[w]here a renewal policy is issued without calling the insured's attention to a reduction in coverage, the insurer is bound to the greater coverage in the earlier policy." *Id*. "An insured person, when notified that his or her insurance coverage is being reduced, is bound to inquire into the amount of the reduction." *Casey v Auto Owners Ins Co*, 273 Mich App 388, 396; 729 NW2d 277 (2006).

"When an insurance policy is facilitated by an independent insurance agent or broker, the independent insurance agent or broker is considered an agent of the insured rather than an agent of the insurer." *Genesee Foods Servs, Inc v Meadowbrook, Inc*, 279 Mich App 649, 654; 760 NW2d 259 (2008) (quotation marks and citation omitted). Regarding the doctrine of imputed knowledge, our Supreme Court has explained that, as a general rule of agency, " 'the principal is chargeable with, and is bound by, the knowledge of or notice to his agent received while the agent is acting within the scope of his authority, and which is in reference to a matter over which his authority extends.' " *Fidelity & Cas Co of NY v King*, 309 Mich 488, 493; 15 NW2d 718 (1944) (citation omitted).

According to Brandon Winston, a commercial underwriting manager employed by Nationwide Mutual Insurance Company (Nationwide) since 2012, AMCO was a "wholly owned indirect subsidiary" of Nationwide. AMCO issued a "Businessowner" insurance policy to AMB. In 2006, AMCO processed a policy renewal packet for the policy at issue for the period of May 2006 to May 2007 and forwarded it to Nationwide's document solution department on or about April 1, 2006. Winston attested that the policy renewal packet included an endorsement form, which contained a new exclusion of coverage for "Violation of Statutes that Govern Emails, Phone Calls or Other Methods of Sending Materials or Information." Winston averred in his affidavit that, according to the archived records, the policy renewal packet had been mailed to AMB's insurance agent, the Patrick Stevens Agency.

According to an affidavit authored by William D. Polka, an "IT Business Consultant" employed by Nationwide, Nationwide's business records, which included digital records, indicated that the policy renewal packet for the insurance policy for the period May 2006 to May 2007 was mailed to the Patrick Stevens Agency on April 5, 2006. The records also indicated that the Patrick Stevens Agency was an "independent agent rather than an exclusive agent."[1]

Sparkle Hill contends that AMCO failed to provide any evidence that the policy renewal packet, containing notice regarding the exclusion, was sent to and received by AMB. However,

---

[1] Independent insurance agents sell insurance policies for multiple insurers rather than a single insurer.

this argument ignores what AMCO's position was at the trial court. In its motion for summary disposition, AMCO specifically contended that AMB had received notice regarding the policy changes because of the mailing of the policy renewal packet to the Patrick Stevens Agency, which, as an independent insurance agent, was AMB's agent. See *Fidelity & Cas Co*, 309 Mich at 493. Thus, Sparkle Hill's contentions regarding the lack of any evidence of mailing of the policy renewal packet *directly* to AMB simply are not relevant.

Relatedly, Sparkle Hill contends that even though AMCO presented evidence that the policy renewal packet was mailed to the Patrick Stevens Agency, AMCO failed to provide any evidence that the Patrick Stevens Agency actually received the policy renewal packet. "While a presumption arises that a letter with a proper address and postage will, when placed in the mail, be delivered by the postal service, this presumption can be rebutted with evidence that the letter was not received." *Goodyear Tire & Rubber Co v City of Roseville*, 468 Mich 947, 947 (2003). AMCO provided evidence that the policy renewal packet was mailed to the Patrick Stevens Agency, but Sparkle Hill failed to provide any evidence to rebut the presumption that the packet was delivered. Therefore, Sparkle Hill's contention fails.

Sparkle Hill also argues that the trial court erred when it granted summary disposition because there remained a genuine issue of material fact as to whether the Patrick Stevens Agency was an independent insurance agent. Winston testified during his deposition that, based on his review of AMCO's records, AMCO had "actually sent communications out to *our agent* in reference to the renewal of the insurance policy" in 2006. (Emphasis added.) However, Winston later clarified in his deposition that he did not believe that the Patrick Stevens Agency was AMCO's agent because AMCO's records indicated that the Patrick Stevens Agency was an independent insurance agent. Winston, Polka, and Carilyn Bettis, a "Product Manager on the Businessowners Staff Product Team" for Nationwide, all stated in affidavits that the Patrick Stevens Agency was an independent insurance agency.

Notably, Sparkle Hill has provided no other evidence to show that the Patrick Stevens Agency was not an independent insurance agent. Instead, Sparkle Hill's argument is based upon Winston's single reference to the Patrick Stevens Agency as "our agent," despite Winston's later clarification regarding the status of the Patrick Stevens Agency as an independent insurance agent. Importantly, when Winston referred to the Patrick Stevens Agency as "our agent," he was not responding to a question regarding whether the Patrick Stevens Agency was in fact the agent of AMCO. Rather, Winston was explaining what he had learned about the insurance policy's history and how it only concerned the insurance policy's renewal. Therefore, Sparkle Hill inaccurately portrays Winston's testimony as describing an agency relationship, despite his later clarification on that matter. As such, Sparkle Hill's argument fails, as it has provided no other evidence to demonstrate the existence of a genuine issue of material fact regarding whether the Patrick Stevens Agency was an independent insurance agent.

## II. VIABILITY OF AFFIDAVITS

Sparkle Hill also asserts that the trial court erred when it failed to strike Polka's affidavit and Bettis's second affidavit because those affidavits were only offered to contradict Winston's deposition testimony. However, the principle of law that Sparkle Hill relies on simply stands for the proposition that a witness is not allowed to contradict *his or her own* deposition testimony

with a subsequent affidavit. See *Casey*, 273 Mich App at 396 ("[A] witness is bound by his or her deposition testimony, and that testimony cannot be contradicted by affidavit in an attempt to defeat a motion for summary disposition."); *Kaufman & Payton, PC v Nikkila*, 200 Mich App 250, 256-257; 503 NW2d 728 (1993); *Reid v Sears, Roebuck & Co*, 790 F2d 453, 460 (CA 6, 1986) ("A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts *her* earlier deposition testimony.") (emphasis added). Thus, this principle does not apply to preclude the affidavits of Polka and Bettis when *Winston's* deposition testimony was at issue. Moreover, as already discussed, even when viewing the deposition testimony and aforementioned affidavits in a light most favorable to Sparkle Hill, there is no conflict or inconsistency. Therefore, we find no error in this regard.

Sparkle Hill also contends that the trial court erred when it failed to strike Polka's affidavit because it was not based on Polka's personal knowledge. MCR 2.119(B)(1)(a) requires that an affidavit "filed in support of or in opposition to a motion" must "be made on personal knowledge." When ruling on a motion for summary disposition under MCR 2.116(C)(10), a trial court may "only consider substantively admissible evidence"; however, the evidence "does not have to be in admissible form" but "must be admissible in content." *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009) (quotation marks and citations omitted).

In his affidavit, Polka stated that he had "personal knowledge of the facts stated herein." He proceeded to describe how he had "first-hand knowledge" of how AMCO's "insurance policies and policy renewals were printed and mailed," stating that he had "reviewed archived records" regarding the insurance policy and the Patrick Stevens Agency, and he provided excerpts of those archived records as exhibits to his affidavit. Sparkle Hill does not identify which portions of Polka's affidavit it alleges are not based on Polka's personal knowledge, and it does not challenge that the copies of AMCO's records would otherwise have been admissible as business records. As Sparkle Hill merely declared that Polka's affidavit was not based on his personal knowledge without further explanation, Sparkle Hill has abandoned this argument on appeal. See *Southfield Ed Ass'n v Bd of Ed of Southfield Pub Sch*, 320 Mich App 353, 379; 909 NW2d 1 (2017). Moreover, even if Sparkle Hill had not abandoned this argument, it otherwise fails to show how the trial court abused its discretion when it declined to strike Polka's affidavit, given that there is no indication that Polka's affidavit was not, at a minimum, admissible in content. See *Barnard Mfg Co*, 285 Mich App at 373.

### III. FURTHER DISCOVERY

Sparkle Hill further asserts that the trial court abused its discretion when it did not permit Sparkle Hill to depose Polka and Bettis and "engage in related follow up discovery" pursuant to MCR 2.116(H), before the trial court considered summary disposition. This Court reviews a trial court's ruling on the admission or exclusion of evidence and the court's grant or denial of a discovery motion for an abuse of discretion. *Planet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 320; 900 NW2d 680 (2017); *Reed v Reed*, 265 Mich App 131, 160; 693 NW2d 825 (2005).

In response to AMCO's motion for summary disposition, Sparkle Hill filed an affidavit pursuant to MCR 2.116(H),[2] authored by one of its trial attorneys, wherein Sparkle Hill generally reasserted the same arguments raised in its response to AMCO's motion for summary disposition, which included a request to depose Polka and Bettis. AMCO subsequently filed a motion to strike Sparkle Hill's affidavit, wherein AMCO argued that Sparkle Hill's affidavit did not contain admissible evidence and that Sparkle Hill's affidavit was merely an attempt to provide "further argument" regarding AMCO's motion for summary disposition without violating the page limitation for responsive briefs under MCR 2.116(G)(1) and MCR 2.119(A)(2).

During a hearing on AMCO's motion to strike Sparkle Hill's affidavit, the trial court observed that Sparkle Hill's trial counsel failed to request any extension of discovery. Ultimately, the trial court granted AMCO's motion to strike Sparkle Hill's affidavit because the affidavit was "basically trying to add facts and legal argument . . . that was not put forth in the – in the twenty-page limit of the summary disposition response."

Sparkle Hill does not raise any challenge regarding the trial court's decision to strike the affidavit it filed under MCR 2.116(H). Instead, Sparkle Hill simply contends that the trial court's failure to either strike Polka's affidavit and Bettis's second affidavit or to permit additional discovery "was fundamentally unfair to Sparkle Hill." Nevertheless, Sparkle Hill has failed to demonstrate how the trial court abused its discretion when it struck Sparkle Hill's affidavit and therefore has also failed to demonstrate how the trial court abused its discretion when it subsequently declined to permit Sparkle Hill to depose Polka and Bettis under MCR 2.116(H).[3]

Affirmed. AMCO, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Jonathan Tukel
/s/ Kathleen Jansen
/s/ Michael J. Riordan

---

[2] MCR 2.116(H)(1) provides, in relevant part, that "[a] party may show by affidavit that the facts necessary to support the party's position cannot be presented because the facts are known only to persons whose affidavits the party cannot procure."

[3] In its reply brief on appeal, Sparkle Hill argues for the first time that the insurance policy was ambiguous concerning whether notice of a reduction in coverage in connection with a policy renewal was required to be sent directly to AMB to be effective. "Reply briefs must be confined to rebuttal, and a party may not raise new or additional arguments in its reply brief." *Kinder Morgan Mich, LLC v City of Jackson*, 277 Mich App 159, 174; 744 NW2d 184 (2007). Therefore, we decline to address that argument, as it was improperly raised for the first time in an appellate reply brief.