KOT *v.* CHRYSLER CORP.

1. INSURANCE — GROUP POLICY — EVIDENCE — BENEFICIARIES — LOST CERTIFICATES—APPLICATIONS.

In action against employer and insurer under group insurance policy by person claiming to be beneficiary under certificate issued to insured, which had been lost, reception of insured's application in evidence on question as to who was beneficiary was not error since statute requiring that the entire contract of insurance be embodied in the policy or attached thereto is inapplicable to certificates of insurance held by employees under group or master policies and application was a part of the insurer's records regularly kept in connection with this insurance (3·Comp. Laws 1929, § 12425; § 14207, as amended by Act No. 15, Pub. Acts 1935).

2. SAME—GROUP POLICY—ASSIGNMENTS—KNOWLEDGE OF INSURER OR EMPLOYER—EVIDENCE.

In action against employer and insurer under group insurance policy by person claiming to have a vested interest in the fund by reason of assignment to secure indebtedness due from insured, refusal of trial court to submit to jury the issue of whether plaintiff had such a vested interest *held,* proper, where insurer had paid the insurance to the employer which had, in turn, paid it to the special administrator of insured's estate, the estate having been named beneficiary in insured's application, and payment was made by the employer without prior knowledge on the part of either defendant of any assignment by insured (3 Comp. Laws 1929, §§ 12425, 12434 *et seq.*).

3. SAME—PAYMENT TO NAMED BENEFICIARY IN IGNORANCE OF ASSIGNMENT.

A life insurer is not liable to an assignee of an interest in the policy when it has already paid the amount of the policy to the beneficiary named therein, in ignorance of the assignment.

Appeal from Wayne; Moll (Lester S.), J. Submitted April 3, 1940. (Docket No. 32, Calendar No. 40,413.) Decided June 3, 1940.

Assumpsit by Walter Kot against Aetna Life Insurance Company of Hartford, Connecticut, and Chrysler Corporation, corporations, on a group life insurance policy. Directed verdict and judgment for Aetna Life Insurance Company of Hartford, Connecticut. Verdict and judgment for Chrysler Corporation. Plaintiff appeals. Affirmed.

*Ira J. Pettiford,* for plaintiff.

*Butzel, Eaman, Long, Gust & Bills (Clifford W. Van Blarcom,* of counsel), for defendants.

North, J. Adam Linek was an employee of the Chrysler Corporation and as such held a certificate of life insurance in the amount of $2,000 issued by the Aetna Life Insurance Company under a group policy held by the Chrysler Corporation. This insurance was contracted for under and in accordance with the Michigan statute. See 3 Comp. Laws 1929, § 12434 *et seq.* (Stat. Ann. § 24.270 *et seq.*). Adam Linek died March 15, 1934. Plaintiff, claiming he was the named beneficiary and also that he was an assignee of the insurance with a vested interest, brought this suit in April, 1935, to recover on the certificate held by Linek at the time of his death. Prior to suit and on March 29, 1934, the Chrysler Corporation had paid the proceeds of the insurance to the special administrator of Linek's estate. At the trial the suit was dismissed as to the Aetna Insurance Company for the reason that in accordance with the insurance contract the insurance company had paid the $2,000 to the Chrysler Corporation and was thereby discharged. Plaintiff did not object to such dismissal and has not appealed therefrom. The circuit judge refused to submit to the jury plaintiff's claim as an assignee of the insurance with a vested interest; but

did submit to the jury the controverted issue as to whether the insurance was payable to plaintiff as the beneficiary or payable to the estate of the insured. Verdict was against plaintiff's claim and he has appealed from the judgment entered in favor of the Chrysler Corporation.

The record discloses that prior to the inception of the insurance contract here involved, Linek as an employee of the Chrysler Corporation had held over a period of four or five years three other certificates of insurance in the Aetna Insurance Company, and in each plaintiff had been named as the beneficiary. But each of these prior certificates expired on varying dates because of cessation of the insured's employment with the Chrysler Corporation. This was in accordance with the provisions of the insurance contract. On January 17, 1934, Linek made application for the insurance which was in force at the time of his death. The certificate issued to him was either misplaced or lost. Neither plaintiff nor either of the defendants could produce it at the trial. Plaintiff offered oral testimony tending to show that he was the beneficiary named in this certificate. Defendant contended the certificate provided for payment of the insurance to the estate of the insured, and offered in evidence Linek's application for insurance dated January 17, 1934, which contained the following: "Name of Beneficiary—Estate." Other records of the insurance company were received in evidence, and also there was testimony on behalf of defendant that it was not requisite to secure payment of this type of insurance that the certificate should be surrendered to the insurer. This was in explanation of the fact, as claimed by defendant, that the certificate was not surrendered to the insurer when payment was made to the special administrator of Linek's estate. In substance the foregoing was the record upon which

the jury found plaintiff was not the beneficiary named in the certificate.

Plaintiff, as appellant, urges that the trial court committed error by receiving in evidence Linek's application for this insurance. At least in part this objection is based on the fact that a copy of Linek's application for the insurance was not attached to nor made a part of the certificate of insurance issued to him. Appellant contends that this was in violation of Act No. 180, Pub. Acts 1907, which was substantially re-enacted. See 3 Comp. Laws 1929, § 12425 (Stat. Ann. § 24.261). In this connection appellant cites *New York Life Ins. Co.* v. *Hamburger,* 174 Mich. 254, quoting the statute:

"Every policy of insurance issued or delivered within this State on or after the first day of January, nineteen hundred eight, by any life insurance corporation doing business within the State shall contain the entire contract between the parties. And nothing shall be incorporated therein by reference to any constitution, bylaws, rules, application or other writing unless the same are indorsed upon or attached to the policy when issued."

Appellant's objection is without force because in group insurance the statute provides that the *policy* is issued to and held by the employer. It is not contended that the policy held by the Chrysler Corporation did not fully comply with the statute. The provision upon which appellant bases this objection is not applicable to certificates of insurance held by employees under group or master policies of the character here involved.

Not only does the application for this insurance purport to bear Linek's signature made by his mark. but the application was a part of the records of the insurance company regularly kept in connection with

this insurance and as such constituted competent evidence. 3 Comp. Laws 1929, § 14207, as amended by Act No. 15, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 14207, Stat. Ann. § 27.902). In this connection it may be noted that plaintiff made no contention in the trial court that Linek's signature made by his mark was not genuine. Our review of this record discloses no prejudicial error in rulings on the admissibility of evidence or in the charge of the court bearing upon the issue submitted to and decided by the jury.

As to appellant's contention that the trial court committed error in not submitting to the jury appellant's claim of a right to have the insurance paid to him as an assignee with a vested interest, the following facts are controlling. It is admitted that the Chrysler Corporation paid the proceeds of the insurance to the special administrator of Linek's estate; and there is no allegation in the declaration nor is there any testimony tending to prove that prior to such payment either the Chrysler Corporation or the Aetna Life Insurance Company had any knowledge whatever of plaintiff's claim of a vested interest. In their notice of affirmative and special defenses the defendants denied knowledge of any alleged agreement between plaintiff and the insured which gave to plaintiff a vested interest in the insurance as security for the payment of indebtedness which plaintiff claims was due to him from the insured. The undisputed testimony of witnesses who were in charge of the administration of the Chrysler insurance contracts was to the effect that the proceeds of Linek's insurance was paid in accordance with their records to the estate of deceased.

"A company is not liable to an assignee of an interest in the policy when it has already paid the

amount of the policy to the beneficiary named therein, in ignorance of the assignment.'' 7 Cooley's Briefs on Insurance, p. 6624.

See, also, 1 Restatement of Contracts, p. 215, § 170; 2 Williston on Contracts (Rev. Ed.), p. 1251; and *Linder* v. *Fidelity & Casualty Co. of New York,* 52 Minn. 304 (54 N. W. 95). Under this record it would have been error had the trial court submitted plaintiff's case to the jury upon the theory that he was an assignee of the insured with a vested interest in the insurance fund. We have considered other questions raised by appellant but find them to be without merit. The judgment entered in the circuit court is affirmed, with costs of this Court to appellee.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.