GENERAL AMERICAN LIFE INS. CO. *v*. WOJCIECHOWSKI.

1. INSURANCE—GROUP  POLICY—APPLICATION   FOR   CERTIFICATE—
   FRAUD—CANCELLATION.

   Statement in application for certificate under group insurance policy that applicant had not "received any medical or surgical advice or attention within the last 5 years" whereas he had visited one physician 64 times at quite regular intervals during last 4 years, constituted a ·fraud on the insurer justifying cancellation of the certificate.

2. SAME—CANCELLATION—FRAUD.

   A false representation in an application for insurance which materially affects the acceptance of the risk entitles the insurer to cancellation as a matter of law.

Effect of fraud inducing formation of contractual relation, see 2 Restatement, Contracts, § 476.

3. Same—Medical Attention Received by Applicant.

An insurer is entitled to information relative to the medical attention received by an applicant for life insurance and failure to give this information in the application entitles the insurer to cancellation.

4. Same—Fraud—Cancellation—Misrepresentation as to Material Fact.

A false representation by an applicant for life insurance that he had not consulted a physician in five years is a representation as to a material fact, which bears a direct relation to acceptance of the risk, and may entitle the insurer to cancellation.

5. Same—Concealment of Material Fact—Acceptance of Risk.

Concealment by an applicant for life insurance that he had consulted a physician was concealment of a material fact which bears a direct relation to acceptance of the risk.

6. Same—Fraud—Materially Affecting Risk—Intent—Cancellation.

If the misrepresentations by an applicant for life insurance materially affect the risk, it is not necessary to show that the misrepresentations were intentional as such misrepresentations amount to a constructive fraud and constitute sufficient grounds for cancellation even though made in good faith, it not being necessary that actual fraud be found.

7. Same—Misrepresentation in Application—Burden of Proof as to Materiality.

In suit by insurer to cancel certificate issued under group life insurance policy on the ground of misrepresentation and fraud where insurer showed applicant had visited physician some 64 times at quite regular intervals over a period of 4 years, contrary to statement in application, the burden was on the beneficiary widow to show that the medical attention or treatment received was for some temporary ailment, minor or trivial disease or difficulty not tending to result in permanently affecting the health of the insured.

8. Same—Consultation with Physician—Statement in Application—Evidence of Fraud.

In insurer's suit to cancel certificate issued under group life insurance policy on ground of misrepresentation and fraud where insurer showed that, previous to making application, applicant had consulted physician some 64 times within four years, contrary to his statement on the application, and bene-

ficiary widow testified that applicant had never complained of his health and had worked seven days a week, conclusion against beneficiary on question of fact as to applicant's health was supported by the record.

9. SAME—FRAUD—PRIMA FACIE CASE—SIGNED APPLICATION.

In suit to cancel certificate issued under a group life insurance policy when widow sought to collect, claim that applicant had signed the application in blank and the answers had been supplied after such signature was not substantiated where beneficiary conceded the signature was genuine but offered no proof bearing on the issue, application was attached to bill of complaint and authenticity was not denied, as a prima facie case was made by the insurer and in the absence of proof on the matter no finding could be made that someone had perpetrated a fraud on both the insurer and the applicant.

10. SAME—GROUP POLICY—EMPLOYEES COVERED.

Under the group insurance law an insurer is not required to insure all of the employees who apply for insurance after 31 days of employment (3 Comp. Laws 1929, § 12434 *et seq.*, as amended).

11. SAME—GROUP POLICY—APPLICATION—CERTIFICATE—STATEMENTS.

The group insurance law does not require that a copy of the application or the application be attached to the group policy or the certificate issued thereunder but merely that statements which are to be considered representations must be contained in a written application (2 Comp. Laws 1929, § 12435).

12. SAME—GROUP POLICY—CERTIFICATE.

The certificate issued to an individual applicant under a group life insurance policy is not the policy, the group policy being issued to the employer.

13. SAME—GROUP LIFE POLICY—GENERAL LAW—STATEMENT IN APPLICATION.

Provisions of the general life insurance law that no statement by the insured shall avoid the policy unless a copy of the application in which it is contained shall be indorsed upon or attached to the policy when issued do not apply to applications and certificates issued under group life insurance policies (3 Comp. Laws 1929, § 12427; § 12434 *et seq.*, as amended).

14. SAME—CERTIFICATE UNDER GROUP POLICY—GENERAL LAW.

A certificate of insurance issued under the provisions of a group policy, approved by the commissioner of insurance under the

provisions of the group insurance law, is not a life insurance policy issued under the provisions of the general life insurance law (3 Comp. Laws 1929, § 12425 *et seq.,* as amended; § 12434 *et seq.,* as amended).

15. COSTS—CONSTRUCTION OF STATUTES—PUBLIC INTEREST.
 No costs are awarded in suit to cancel a certificate issued under a group insurance policy where the construction of a statute of public interest is involved.

Appeal from Wayne; Friedman (William), J. Submitted January 8, 1946. (Docket No. 9, Calendar No. 43,064.) Decided April 1, 1946.

Bill by General American Life Insurance Company, a Missouri corporation, against Amelia Wojciechowski to cancel group life insurance certificate because of fraud. Decree for plaintiff. Defendant appeals. Affirmed.

*Cashan P. Head* (*Powell B. McHaney, Paul G. Ochterbeck* and *George M. Bourgon,* of counsel), for plaintiff.

*Hugh Kenneth Davidson, Edgar A. Beauchamp* and *Raymond P. Heyman,* for defendant.

*Amici curiae:*
*Lewis F. Brady,* for Mechanics Educational Society.
*George S. Fitzgerald,* for Teamsters, Chauffeurs & Truck Drivers, American Federation of Labor.
*Walter M. Nelson,* for Foreman's Association of America, Michigan Farmers' Union, and United Mine Workers of America, District No. 50.
*Maurice Sugar,* for United Automobile Workers—Congress of Industrial Organizations.
*Elmer H. Groefsema.*

BOYLES, J.   Plaintiff life insurance company is-
sued a group life insurance policy in 1925 to the
Kelsey-Hayes Wheel Company for the benefit of its
employees.   The policy was issued under the group
life insurance provisions of Act No. 256, pt. 3,
chap. 2, subd. 2, §§ 9–a,* 9–b, 9–c, Pub. Acts 1917,
as amended (3 Comp. Laws 1929, §§ 12434, 12435,
12436 [Stat. Ann. §§ 24.270, 24.271, 24.272]).   Joseph
Wojciechowski became an employee of the Kelsey-
Hayes Wheel Company in 1928 and his employment
was continuous from 1938 to the time of his death
in February, 1942.   He applied for insurance under
the group policy on September 8, 1941, by a signed
application, and a certificate of insurance was issued
to him on November 1, 1941, under the terms and
conditions of his employer's group policy.   He died
on February 24, 1942, and the plaintiff company
declined to pay his widow, Amelia, the beneficiary
named in the certificate, any benefits, on the ground
that the certificate of insurance was void, that false
statements had been made by Joseph Wojciechowski
in his application, known to him to be untrue, and
that the plaintiff company would not have approved
the application and issued the certificate if it had
known the facts.   The company tendered back the
premiums and filed the instant bill of complaint in
chancery to cancel the certificate of insurance on
the ground of misrepresentation and fraud.   The
circuit judge who heard the proofs granted the re-
lief prayed for and entered a decree accordingly,
from which the defendant beneficiary named in the
certificate appeals.

While we hear the case *de novo,* only two ques-
tions are raised by appellant on which reversal is

---

* This section was amended by Act No. 75, Pub. Acts 1937, Act
No. 101, Pub. Acts 1941, and Act No. 154, Pub. Acts 1943 (Comp.
Laws Supp. 1940, 1942, 1945, § 12434, Stat. Ann. 1943 Rev. § 24.270).
—REPORTER.

sought, and these will be considered. Appellant's first claim is that no fraud was shown by plaintiff to sustain a decree for cancellation of the certificate.

In the application for insurance under his employer's group policy executed by Joseph Wojciechowski he answered certain questions as follows:

"5. Have you ever had, or been told you had, albumin or sugar in your urine? — No. High blood pressure? — No. Heart trouble? — No. Stomach ulcer? — No. Syphilis? — No. (Give details under Question 6, below.)

"6. Have you had any disease or injuries, or have you received any medical or surgical advice or attention within the last 5 years? — No. If so, give full details below. (Include also particulars of any questions answered 'Yes' under Question 5 above.) — None. * * *

"8. Are you now in good health? — Yes."

At the hearing in the circuit court Dr. Nowicki, called by the plaintiff as a witness, testified that Joseph Wojciechowski had been a patient of his; and apparently testifying from records the doctor enumerated 64 different dates on which he had been consulted professionally by Mr. Wojciechowski and on which he had rendered medical or surgical advice or attention to Mr. Wojciechowski, during the four years immediately preceding September 8, 1941, the day on which the application was signed. He testified that all these visits (except one) were made to his office by Mr. Wojciechowski for the purpose of seeing him professionally to receive medical advice or attention. The dates enumerated by the doctor were spaced quite regularly a few weeks apart, during most of the time for the entire four years, indicating a continuity of some disease or disability which caused Mr. Wojciechowski to regularly employ the services of a physician during that

time.  Eleven of these visits to the doctor for such services were made within the eight months immediately preceding the date on which Mr. Wojciechowski executed his application for the insurance, and the last visit was made only three weeks before that date.  The defendant made no attempt to show what the reason's were for her husband's visits to the doctor's office, whether for some minor ailment or condition, and admitted that her husband used to go to the doctor's office often for several years prior to the date of the application.

The statement by Mr. Wojciechowski that he had not received any medical or surgical advice or attention within the five years preceding making his application for issuance of the policy was false and intended to deceive, was the concealment of a material fact, the falsity of which was known to him. It materially affected the acceptance of the risk, and bore a direct relation to the acceptance of the risk by the insurer where a further inquiry might have been made had the facts been revealed.  Under the circumstances, this unexplained misrepresentation was a fraud on the insurer justifying cancellation of the certificate.

A false representation in an application for insurance which materially affects the acceptance of the risk entitles the insurer to cancellation as a matter of law.  *Krajewski* v. *Western & Southern Life Ins. Co.,* 241 Mich. 396.  The insurer was entitled to information relative to the medical attention received by the insured, and failure to give this information in the application entitles the insurer to cancellation.  *Continental Assurance Co.* v. *Friedman,* 289 Mich. 531.  A false representation by the insured in the application, that he had not consulted a physician in five years, is a representation as to a material fact, which bears a direct re-

lation to acceptance of the risk, and entitles the insurer to cancellation. *Metropolitan Life Ins. Co. v. Carter,* 252 Mich. 432; *New York Life Ins. Co. v. Bahadurian,* 252 Mich. 491. ' Concealment by the insured that he had consulted a physician was concealment of a material fact which bears a direct relation to acceptance of the risk. *Bellestri-Fontana* v. *New York Life Ins. Co.,* 234 Mich. 424. If the misrepresentations materially affect the risk it is not necessary to show that the misrepresentations were intentional. *Prudential Insurance Company of America* v. *Ashe,* 266 Mich. 667; *Sun Life Assurance Company of Canada* v. *Allen,* 270 Mich. 272. Such misrepresentations amount to a constructive fraud (*Bonewell* v. *North American Accident Ins. Co.,* 167 Mich. 274 [Ann. Cas. 1913A, 847]), and such misstatements in the application which materially affect the risk constitute sufficient grounds for cancellation, even though made in good faith, it not being necessary that actual fraud be found. *North American Life Assurance Co.* v. *Jones,* 287 Mich. 298.

In the case at bar the appellant rested her case on the plaintiff's proofs and offered no testimony. The burden was on the appellant to show that the medical attention or treatment which the doctor gave to Mr. Wojciechowski was for some temporary ailment, minor or trivial disease or difficulty not tending to permanently affect the health of the insured. *Bullock* v. *Mutual Life Insurance Co. of New York,* 166 Mich. 240; *Wohlfeil* v. *Bankers Life Co.,* 296 Mich. 310. The appellant, called by the plaintiff for cross-examination under the statute,* testified that the insured never complained of his health, and that he worked seven days a week. While

* See 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915).—REPORTER.

this raised a question of fact, however slight, as to Mr. Wojciechowski's being in good health (*New York Life Ins. Co.* v. *Newman*, 311 Mich. 368), this issue was decided by the court against the appellant. The record fully supports such a conclusion.

Appellant claims that there was no showing that Mr. Wojciechowski made the statements found in the application over his signature, that the application might have been signed in blank, and that it might be inferred that the answers had been written in after the application was signed. Defendant offered no proof bearing on this issue and conceded that the signature to the application was that of Mr. Wojciechowski. A copy of the application was attached to the bill of complaint and its authenticity was not denied by the defendant. A prima facie showing was thus made by the plaintiff, and the circuit judge correctly concluded that in the absence of any proof to that effect the court would not be justified in finding that a fraud had been perpetrated on either the insurer or the insured, by someone who might have filled in the answers unknown to Mr. Wojciechowski.

The other claim relied upon by appellant for reversal is that the plaintiff insurer is barred from contesting the insurance because it did not attach a copy of the application to the group policy or certificate. The insurer admits this was not done and claims that it is not required by the group insurance provisions of the act.

The so-called master policy issued by the insurer to the Kelsey-Hayes Wheel Company, and approved by the State commissioner of insurance, contains a provision that employees are entitled to insurance without evidence of insurability if they apply therefor within 31 days after they become employed, by making a so-called short-form application. In the

event that an employee does not apply for insurance within 31 days after employment, or re-employment, he is required to make a "long form" application and present evidence of insurability satisfactory to the company. These are usual provisions, in group policies issued under the group insurance law. Mr. Wojciechowski did not apply for insurance during the first 31 days of his employment, in fact did not apply until after he had been employed by Kelsey-Hayes Wheel Company for many years and until about six months previous to his death. Consequently he executed the long-form application hereinbefore referred to, and acceptance of the risk was contingent upon the approval by the insurer. The group insurance law does not require the insurer to insure all of the employees who apply for insurance after 31 days of employment. Nor does the law require that a copy of the application be attached to the group policy or the certificate issued to the individual insured. The applicable group insurance provision (3 Comp. Laws 1929, § 12435 [Stat. Ann. 1943 Rev. § 24.271]) is as follows:

"Sec. 9–b. No policy of group life insurance shall be issued or delivered in this State unless and until a copy of the form thereof has been filed with the commissioner of insurance and approved by him; nor shall such policy be so issued or delivered unless it contains in substance the following provisions:        *        *        *

"(2) A provision that the policy, the application of the employer and the individual applicants (applications), if any, of the employees insured, shall constitute the entire contract between the parties, and that all statements made by the employer or by the individual employees shall, in the absence of fraud, be deemed representations and not warranties, and that no such statement shall be used in defense to a claim under the policy, unless it is contained in a written application."

Note that this merely requires that the statements be contained in a written application, but does not require that the application be attached to the policy. The certificate is not the policy (*Germain* v. *Aetna Life Ins. Co.*, 285 Mich. 318), and it has been settled by the court that the application need not be attached to the certificate, in *Kot* v. *Chrysler Corp.*, 293 Mich. 688, as follows (p. 691):

"Plaintiff, as appellant, urges that the trial court committed error by receiving in evidence Linek's application for this insurance. At least in part this objection is based on the fact that a copy of Linek's application for the insurance was not attached to nor made a part of the certificate of insurance issued to him. Appellant contends that this was in violation of Act No. 180, Pub. Acts 1907, which was substantially re-enacted.  *   *   *

"Appellant's objection is without force because in group insurance the statute provides that the *policy* is issued to and held by the employer. It is not contended that the policy held by the Chrysler Corporation did not fully comply with the statute. The provision upon which appellant bases this objection is not applicable to certificates of insurance held by employees under group or master policies of the character here involved."

Appellant insists on reading into the group insurance law a provision from the general life insurance law (See 3 Comp. Laws 1929, § 12427 [Stat. Ann. § 24.263]) that no statement by the insured shall avoid the policy unless a copy of the application shall be indorsed upon or attached to the policy when issued. Appellant's position in that regard is plainly untenable. In the first place, the certificate issued to the insured is not the policy of insurance (see *Germain* v. *Aetna Life Ins. Co., supra*) and obviously an application by an employee for insurance under a group policy already issued,

in this case many years previously, could not have been attached to the policy "when issued." Furthermore, it has been settled that the provisions of the general life insurance law in 3 Comp. Laws 1929, § 12427 (Stat. Ann. § 24.263), *supra,* on which appellant relies, do not apply to group insurance.

"The provisions for group life insurance (3 Comp. Laws 1929, § 12434 *et seq.* [Stat. Ann. § 24.270 *et seq.*]) differ from the provisions under the general insurance law and section 12427, *supra,* is not applicable to a group life insurance policy. The statutory provisions in regard to general life insurance and group life insurance are different and many of the requirements of the one are not applicable to the other." *Szymanski* v. *John Hancock Mutual Life Ins. Co.,* 304 Mich. 483, 489 (145 A. L. R. 947).

Among the decisions above cited, the *Germain, Kot* and *Szymanski Cases* are under the group insurance law.

The alternative position taken by appellant is likewise untenable, in claiming that the certificate of insurance issued to Mr. Wojciechowski under the terms of his employer's group policy, was merely "an ordinary life insurance policy," and that: "the plaintiff in this case actually wrote ordinary life insurance under the guise of group insurance."

A certificate of insurance issued under the provisions of a group policy, approved by the commissioner of insurance under the provisions of the group insurance law, is not a life insurance policy issued under the provisions of the general life insurance law.*

* See 3 Comp. Laws 1929, § 12425 *et seq.,* as amended (Comp. Laws Supp. 1940, 1945, § 12426-1 *et seq.,* Stat. Ann., Stat. Ann. 1943 Rev., and Stat. Ann. 1945 Cum. Supp. § 24.261 *et seq.*).—REPORTER.

We have noted the suggestion in the brief filed by *amici curiae,* with leave of court, that a misunderstanding results among employees from the practice of continuing to write group insurance after the 31-day period from date of employment has elapsed. The court does not decide the policy of legislation. If the objection merits consideration the remedy lies in legislative action.

The decree is affirmed, but without costs, a question of construction of a statute of public interest being involved.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, NORTH, and STARR, JJ., concurred.