DEDIC *v.* THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA

1. INSURANCE—LIFE INSURANCE—MISREPRESENTATION IN APPLICA-
TION—MATERIALITY—INVOCATION OF PRIVILEGE.

A false representation in an insurance application that applicant
has not seen a doctor for five years is presumed to be material
if the obtaining of information about the nature of the visits
to the doctor and the diagnosis made is prevented by invoca-
tion by the insured of the doctor-patient privilege (CLS 1961,
§ 500.2218[4]).

2. SAME—LIFE INSURANCE—MISREPRESENTATION IN APPLICATION—
VOIDING OF POLICY.

Material misrepresentation by a successful applicant for a policy
of life insurance renders the contract of insurance void *ab
initio* and the two-year incontestability clause is of no effect.

3. SAME—LIFE INSURANCE—MISREPRESENTATION IN APPLICATION—
MATERIALITY OF MISREPRESENTATION.

A misrepresentation in an application for life insurance is
material if it is such that the insurer would not have entered
into the contract of insurance had it known the facts.

Appeal from Saginaw, O'Neill (James E.), J.
Submitted Division 2 November 12, 1968, at Lansing.
(Docket No. 3,195.)   Decided November 26, 1968.

Complaint by Rosaline M. Dedic against The
Prudential Insurance Company of America, a
foreign corporation, to recover on a policy of life

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 29 Am Jur, Insurance § 698 *et seq.*

insurance. Defendant's motion to have policy declared void and for directed verdict granted. Plaintiff appeals. Affirmed.

*Doozan, Scorsone & Trogan,* for plaintiff.

*Weadock & Montgomery,* for defendant.

Per Curiam. Plaintiff-wife sought double indemnity on a $5,000 life insurance policy following her husband's accidental death. Defendant moved to have the policy held void due to material misrepresentation in the application by the husband in failing to disclose consultations with physicians prior to applying for the policy. The motion was granted by the trial court, as was a motion for directed verdict for defendant. The husband had visited a doctor 3 times within 5 years prior to the application for insurance but did not inform defendant who testified that a policy would not have been issued had the medical consultations been disclosed.

The applicable statute, CLS 1961, § 500.2218(4) (Stat Ann 1968 Cum Supp § 24.12218[4]), presumes that a false representation is material if the claimant invokes the doctor-patient privilege, as was done here, but the plaintiff claimed that testimony relating to the husband's good health rebutted this and thus creates a jury question.

The issues on appeal can be consolidated into two: First, whether the trial court erred in refusing to submit the case to the jury, but on the contrary, directing a verdict for defendant; and second whether the alleged misrepresentation of decedent was a material false representation.

In view of the aforementioned statute and the consulting physician's testimony adduced at trial, the policy must be held to have been void *ab initio,*

the failure to disclose resulting in no contract having been made. Further, plaintiff's exercise of the physician-patient privilege brings her directly within the purview of the statute in preventing full disclosure.

On the issue of misrepresentation, we are persuaded that *Housour* v. *Prudential Life Insurance Company of America* (1965), 1 Mich App 455, controls. Therein it was held that a misrepresentation in a life insurance application which is such that the insurer would not have entered into the contract had it had knowledge of the facts is deemed material under the applicable statute.

The further argument relative to the 2-year incontestability clause is answered by the finding that the policy was void, as is the argument that death resulted from accidental cause and is unrelated to the misrepresentation.

Affirmed. Costs to appellees.

FITZGERALD, P. J., and R. B. BURNS and ROBINSON, JJ., concurred.