WIEDMAYER v THE MIDLAND MUTUAL LIFE INSURANCE
COMPANY

Docket No. 49588. Submitted November 19, 1980, at Grand Rapids.—
Decided July 27, 1981. Leave to appeal applied for.

Eleanor J. Wiedmayer brought an action in the Kalamazoo
Circuit Court against The Midland Mutual Life Insurance
Company claiming medical and death benefits under a policy
issued by defendant to plaintiff's decedent, H. Richard Wied-
mayer. Plaintiff's decedent made certain material misrepresen-
tations in applying for the policy. Defendant, upon learning of
these misrepresentations, notified plaintiff that the policy never
became effective or, if it did, that it was rescinded and enclosed
a refund check. Plaintiff never cashed the check. The policy
issued by defendant provided for adjustment of premium and
benefits in the event of material misstatement of fact but did
not provide for cancellation of the policy in that event. The
court, Patrick H. McCauley, J., granted summary judgment in
favor of defendant. Plaintiff appeals. *Held:*

An insurance policy which provides for an adjustment of
premium or benefits and does not specifically retain for the
insurer the right of cancellation in the event of a material
misstatement of fact in the application should not be construed
to give the insurer a right of cancellation in such event, the
insurance statute recognizing the avoidance of liability in such
circumstances notwithstanding.

Reversed and remanded.

1. INSURANCE — MATERIAL MISREPRESENTATION.

A false representation in an insurance application that the
applicant has not seen a doctor for five years is presumed to be
material if the obtaining of information about the nature of the

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5] 43 Am Jur 2d, Insurance § 447.
Modern status of rules regarding materiality and effect of false
statement by insurance applicant as to previous insurance cancel-
lations or rejections. 66 ALR3d 749.
[4] 43 Am Jur 2d, Insurance §§ 257, 259.
[5] 43 Am Jur 2d, Insurance § 262.

visits to the doctor and the diagnosis made is prevented by invocation by the insured of the doctor-patient privilege.

2. INSURANCE — MATERIAL MISREPRESENTATION.

A misrepresentation in an application for life insurance is material if it is such that the insurer would not have entered into the contract of insurance had it known the facts.

3. INSURANCE — MATERIAL MISREPRESENTATION — FRAUD.

An insurer need not prove fraudulent intent in order to cancel an insurance policy where an applicant makes a material misstatement concerning his prior medical history.

4. INSURANCE — JUDICIAL CONSTRUCTION.

Courts should construe insurance policy language in accordance with its ordinary, popular meaning that the insured would expect; ambiguities should be interpreted in favor of the insured to uphold coverage.

5. INSURANCE — MATERIAL MISREPRESENTATION — CANCELLATION — JUDICIAL CONSTRUCTION — STATUTES.

An insurance policy providing for an adjustment of premium or benefits and which does not specifically retain for the insurer the right of cancellation in the event of a material misstatement of fact in the application should not be construed to give the insurer a right of cancellation in such event, the insurance statute recognizing the avoidance of liability in such circumstances notwithstanding (MCL 500.2218[1]; MSA 24.12218[1]).

*Lilly & Domeny, P.C.* (by *Sally Zack Wheeler),* for plaintiff.

*Little & Geary,* for defendant.

Before: MACKENZIE, P.J., and T. M. BURNS and BASHARA, JJ.

T. M. BURNS, J. Plaintiff appeals as of right a January 16, 1980, lower court order granting summary judgment in favor of defendant for the reason that no material issue of fact exists in this case. GCR 1963, 117.2(3). We reverse.

The facts of this case for the most part are uncontested. Plaintiff's decedent was an employee

of Schoolmaster Plumbing and Heating. On October 31, 1975, he signed an application for group health and life insurance which had been offered to the employees of Schoolmaster by defendant. Plaintiff's decedent's application was accepted and the insurance went into effect on December 1, 1975, at which time he received a certificate of insurance setting forth the material provisions of the policy.

On January 13, 1976, plaintiff's decedent was hospitalized for what was diagnosed as chronic congestive heart failure. In a letter dated July 16, 1976, defendant responded to plaintiff's claim for benefits arising out of this health care treatment by denying any such benefits for the reason that plaintiff's decedent had falsely answered questions on his application regarding whether he had consulted or been treated by a physician during the five years previous to the application. Defendant claimed to have obtained information disclosing that plaintiff's decedent had consulted with and been treated by a physician on several occasions for "cardiac enlargement with evidence of pulmonary passive congestion" during the five years prior to his application for insurance. In the letter denying benefits, defendant enclosed a refund check for the amount of premiums paid and declared that the policy never became effective or, if it did, it was now rescinded because of plaintiff's decedent's false statements.

After defendant cancelled the insurance policy, plaintiff herself required medical treatment. Had the policy been in effect, plaintiff would have been entitled to benefits.

In April of 1977, plaintiff's decedent died. Subsequently, plaintiff filed the instant action claiming benefits for her husband's hospitalization and the

medical care that she required and benefits under the life insurance portion of the policy as a beneficiary of her husband.

On April 24, 1979, defendant moved for summary judgment on the ground that it was entitled to judgment as a matter of law because there was no material issue of fact. Defendant's motion was supported by the affidavit of defendant's director of group claims. That affidavit states that defendant relied upon the representation of plaintiff's decedent that he had not been treated by a physician nor had he consulted with one in the five years prior to his application. The affidavit further states that had defendant known the true facts of plaintiff's decedent's medical problems, the policy would never have been issued. Although plaintiff did not contest that her husband had received medical attention in the five years prior to his application for insurance, she stated in her affidavit that her husband did not know that he was suffering from congestive heart disease. She further answered defendant's motion by alleging that defendant had breached its own policy provisions and that there was no intent to defraud, in which case a question of fact remained.

Following a hearing on defendant's motion, the lower court filed an opinion in which it held that no genuine issue of fact existed because it was unnecessary to prove fraud in order to void the policy. Plaintiff now appeals.

Pursuant to the provisions of MCL 500.2218(1); MSA 24.12218(1):

"No misrepresentations shall avoid any contract of insurance or defeat recovery thereunder unless the misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the

insurer of the facts misrepresented would have lead to a refusal by the insurer to make the contract."

In *Dedic v Prudential Ins Co of America*, 14 Mich App 274; 165 NW2d 295 (1968), this Court held that a false representation in an insurance application that the applicant had not seen a doctor in the five years prior to the application is presumed to be a material misstatement if the insurance company is prohibited from obtaining information about the nature of the applicant's visits to a doctor and the diagnosis made by the applicant's invocation of the physician-patient privilege. See MCL 500.2218(4); MSA 24.12218(4). As a test for determining whether a misstatement in an insurance application is material the *Dedic* Court held that a misrepresentation is material if it is such that the insurer would not have entered into the contract had it known the true facts. See also *Woodall Industries, Inc v Massachusetts Mutual Life Ins Co*, 483 F2d 986 (CA 6, 1973), *Cartwright v Maccabees Mutual Life Ins Co*, 398 Mich 238; 247 NW2d 298 (1976), *Szlapa v National Travelers Life Co*, 62 Mich App 320; 233 NW2d 270 (1975), *Howard v Golden State Mutual Life Ins Co*, 60 Mich App 469; 231 NW2d 655 (1975).

Thus, it appears clear that an insurer need not prove fraudulent intent in order to cancel an insurance policy where an applicant makes a material misstatement concerning his prior medical history. In this case, defendant's motion for summary judgment was supported by an affidavit that stated that the policy would never have been issued had defendant known the true facts surrounding plaintiff's decedent's health. Nonetheless, we believe that the lower court erred in granting summary judgment to defendant.

When interpreting insurance policies, this Court

must construe them in accordance with the ordinary and popular sense of the language used therein. *Michigan Mutual Liability Co v Mesner,* 2 Mich App 350; 139 NW2d 913 (1966). Where portions of a policy are ambiguous, they must be interpreted in favor of the insured to uphold coverage. *Shepard Marine Construction Co v Maryland Casualty Co,* 73 Mich App 62; 250 NW2d 541 (1976). It is the duty of this Court to give insurance policies the meaning that the insured would reasonably expect. *Zurich Ins Co v Rombough,* 384 Mich 228; 180 NW2d 775 (1970).

Under a pertinent provision of the instant insurance policy that was captioned "General Provisions" defendant reserved to itself certain rights in the event that an application for insurance misstated certain facts:

"MISSTATEMENT OF FACT: If the age, sex, salary or any factor which effects the premium or insurance benefits under this policy for any Covered Person has been misstated, the premium or benefits, or both, shall be adjusted to conform to the true facts. The Company, however, shall not be liable for payment of benefits in excess of those which would be payable on the basis of the true facts and premiums actually received."

The record reflects that the check that defendant returned to plaintiff's decedent for the amount of premiums that he had paid was never cashed. Although defendant subsequently sent a check in the same amount to plaintiff's decedent's employer, there is no evidence that either plaintiff or her husband ever received any proceeds from this check. To that extent then, neither plaintiff nor her husband ever consented to defendant's cancellation of the insurance and return of the premium paid.

Interpreting the above provisions of the insurance policy, we find that they do not permit cancellation of the policy in the event of a misstatement in the application. Rather, these provisions permit defendant only to adjust the premium or benefits under the policy in the event of a misstatement on the application. Construing these provisions strictly against defendant, we hold that the lower court erred in granting summary judgment to defendant. Defendant cannot void the policy where its provisions do not give it that authority.

To the extent that the statute relied upon by the lower court and by defendant would permit the voiding of a contract where an applicant has made a material misstatement of fact, we find that that statute and its provisions are not self-effectuating. That is, the statute permits, but does not require, an insurance company to void a policy where a material misstatement has occurred in the application. Inasmuch as defendant did not reserve to itself this power, it cannot rely upon this statute.

The lower court erred in granting summary judgment to defendant. Defendant was not entitled to void the policy. Rather, the only authority that is reserved to itself under the policy was to adjust either the premiums or benefits in the event of a misstatement of facts. As a consequence, we reverse the lower court order granting summary judgment and remand this cause for trial.