WIEDMAYER v THE MIDLAND MUTUAL LIFE INSURANCE
COMPANY

Docket No. 67766. Decided October 5, 1982. On application by the
defendant for leave to appeal, the Supreme Court, in lieu of
granting leave to appeal, reversed the judgment of the Court of
Appeals and reinstated the judgment of the trial court. Rehear-
ing denied *post,* 1111.

H. Richard Wiedmayer applied to The Midland Mutual Life
Insurance Company for group life and health insurance. In his
application, he represented that neither he nor members of his
family had been treated by a physician during the five years
preceding the application. After Midland Mutual issued the
policy, Mr. Wiedmayer was hospitalized for chronic congestive
heart failure. Midland Mutual refused to pay health care
benefits on the ground that Mr. Wiedmayer had answered the
question regarding treatment by a physician on his application
falsely, declared the policy void, and refunded the premiums
paid by Mr. Wiedmayer. Mr. Wiedmayer eventually died and
Eleanor J. Wiedmayer, his wife, brought an action against
Midland Mutual, seeking recovery of benefits for medical care
required for her husband and herself and for life insurance
benefits. Midland Mutual moved for summary judgment. The
plaintiff argued that the defendant had failed to show fraudu-
lent intent on Mr. Wiedmayer's part. The Kalamazoo Circuit
Court, Patrick H. McCauley, J., granted the defendant's mo-
tion, holding that it was not necessary to show fraud to avoid a
major medical or life insurance policy so long as there was a
material misrepresentation. The Court of Appeals, MacKenzie,
P.J., and T. M. Burns and Bashara, JJ., reversed, holding that
the defendant was not entitled to avoid the policy on the
ground that a material misstatement was made on the applica-
tion because the defendant had not reserved that power in the
policy (Docket No. 49588). The defendant appeals.

In a unanimous opinion per curiam, the Supreme Court *held:*

An insurer need not explicitly reserve the right to avoid
liability on a policy of insurance in the event of fraud or a
material misrepresentation by an insured in procuring the
policy. The Insurance Code permits avoidance of liability where
the misrepresentation affects either the acceptance of the risk

or the hazard assumed by the insurer. The fact that the policy does not affirmatively provide for cancellation under such circumstances does not operate as a bar to the insurer's ability to avoid the policy in the face of fraud.

Reversed.

108 Mich App 96; 310 NW2d 285 (1981) reversed.

*Lilly & Domeny, P.C.* (by *Paul Z. Domeny*), for plaintiff.

*Little & Geary* (by *James H. Geary*) for defendant.

PER CURIAM. This case presents the question whether an insurer's failure to include a provision in an insurance policy which reserves the right to avoid liability in the event of a material misrepresentation by the insured precludes the insurer from doing so. The trial court answered this question in the negative, but the Court of Appeals reversed the judgment of the trial court. We conclude that the trial court was correct.

I

H. Richard Wiedmayer was employed by Schoolmaster Plumbing & Heating. On October 31, 1975, Wiedmayer applied through his employer for group life and health insurance with the defendant, Midland Mutual. He signed the application directly beneath the declaration which stated in part that: "[t]he above representations are true and complete to the best of my knowledge and belief and this application shall not be binding upon the company until the policy is issued by the company and the first premium has been paid while any conditions affecting insurability are as described herein". He checked the answer box "no" to the question "Have you or any of the

above-named family members been hospitalized, consulted or been treated by a physician for any reason during the past five years?" Mr. Wiedmayer's application was accepted by the defendant, and the insurance policy went into effect on December 1, 1975. Accompanying the certificate of insurance was a letter from the defendant stating in part that:

"Your coverage is issued on the basis of the information shown on the application. Should the information be incomplete or incorrect in any way, please notify the home office immediately since any omissions or misstatements may affect your benefits and the validity of your policy."

Also attached to the letter forwarding the certificate was a captioned "Important Notice", with the following statement:

"Your policy or certificate was issued on the basis that the answers to all questions and the information shown on your application are correct and complete. Please read the copy of your application, which is attached to and a part of the policy, and check it carefully.

"If there are any misstatements in the application, or in [sic] any information concerning the past medical history of any insured person has been omitted, you should write to The Midland Mutual Life Insurance Company within 10 days of receipt of this notice and advise it of the incorrect or omitted information. Otherwise, your policy may not be a valid contract or your coverage may not be effective."

On January 13, 1976, Mr. Wiedmayer entered a hospital and was diagnosed as having chronic congestive heart failure. On July 16, 1976, the defendant refused to pay Wiedmayer's claim for health care treatment on the ground that Weid-

mayer had falsely answered the question in the application with regard to whether he had consulted or had been treated by a physician during the past five years. Defendant enclosed a refund check and stated that the policy was void. Mrs. Wiedmayer subsequently required medical treatment, and Mr. Wiedmayer eventually died in April, 1977, of the heart problem. Mrs. Wiedmayer sued to recover the benefits for her husband's hospitalization, her medical treatment, and the life insurance proceeds under a provision of the policy. The suit was filed on March 13, 1978. After completion of discovery, the defendant moved for summary judgment, alleging that no genuine issue of material fact existed and attaching, among other things, the affidavit of the defendant's director of group claims to the effect that no policy would have been written at any price if the facts were known. Those facts included the allegation that, during the five years prior to his application, Mr. Wiedmayer, on at least nine occasions, had seen a physician who had diagnosed him as suffering from cardiac enlargement with evidence of pulmonary passive congestion and had prescribed medication, digitoxin. There was also evidence that Mr. Wiedmayer gave a history to his physician when entering the hospital in January, 1976, which included the fact that: "The patient states that he was first aware that he had an enlarged heart two or three years ago after he sought consultation from Dr. Rigterink regarding a chronic sore throat. At that time he was placed on digitoxin 0.1 and then improved and remained improved without change in his medical program up until November 1975". There was also deposition testimony from Mr. Wiedmayer's employer, Schoolmaster, to the effect that he had seen Mr. Wiedmayer take medication regularly in the month before the ap-

plication for the insurance was filed and that Mr. Wiedmayer had also taken time off from work to see a doctor when he complained of not feeling well and being short of breath. Although the Wiedmayers did not cash the refund check for the premium, the defendant sent another refund check directly to Schoolmaster Plumbing, the owner of the policy, which was negotiated.

The plaintiff, Mrs. Wiedmayer, opposed the motion for summary judgment on a theory that the defendant had to show fraudulent intent to avoid the policy because of a material misrepresentation. The trial judge ruled that under statutory and case law the defendant did not have to show fraud to avoid a major medical or life insurance policy as long as there was a material misrepresentation. The trial judge found that there was no genuine dispute, that there was a material misrepresentation, and that the insurer would not have issued the policy had it been aware of the misrepresentation. On January 16, 1980, the trial judge entered an order granting summary judgment for the defendant. The plaintiff appealed, and the Court of Appeals reversed. *Wiedmayer v Midland Mutual Life Ins Co,* 108 Mich App 96; 310 NW2d 285 (1981).

## II

In reversing the trial court's grant of summary judgment in favor of the defendant, the Court of Appeals concluded:

"Interpreting the above provisions of the insurance policy, we find that they do not permit cancellation of the policy in the event of a misstatement in the application. Rather, these provisions permit defendant only to adjust the premium or benefits under the policy in the

event of a misstatement on the application. Construing these provisions strictly against defendant, we hold that the lower court erred in granting summary judgment to defendant. Defendant cannot void the policy where its provisions do not give it that authority.

"To the extent that the statute relied upon by the lower court and by defendant would permit the voiding of a contract where an applicant has made a material misstatement of fact, we find that that statute and its provisions are not self-effectuating. That is, the statute permits, but does not require, an insurance company to void a policy where a material misstatement has occurred in the application. Inasmuch as defendant did not reserve to itself this power, it cannot rely upon this statute.

"The lower court erred in granting summary judgment to defendant. Defendant was not entitled to void the policy. Rather, the only authority that is reserved to itself under the policy was to adjust either the premiums or benefits in the event of a misstatement of facts. As a consequence, we reverse the lower court order granting summary judgment and remand this cause for trial." 108 Mich App 102.

## III

There can be no doubt that insurers are permitted by MCL 500.2218; MSA 24.12218 to void a policy where there has been a material misrepresentation of fact which affected either the acceptance of the risk or the hazard assumed by the insurer. Must the insurer, in order to avail itself of the option extended by this statute, place a provision reserving this option in the insurance policy? We think not.

The Court of Appeals, in reversing, emphasized the fact that the insurance policy did provide for an adjustment of premiums or benefits in the event of a misstatement of fact. Since, however, no

mention was made of voiding the policy for a misstatement of fact, the Court of Appeals reasoned that the insurer could not void the policy. We fail to see the logic of such a position.

In *Bendford v National Life & Accident Ins Co,* 356 Mich 52, 59; 96 NW2d 113 (1959), we addressed the question whether an application for insurance which was not a part of or attached to the policy was nevertheless admissible as evidence to establish fraud in the procurement of the policy. We held that:

"One seeking to void an agreement for fraud is not limited, in proving such fraud, to the provisions of the agreement itself."

Moreover, in *General American Life Ins Co v Wojciechowski,* 314 Mich 275, 281; 22 NW2d 371 (1946), we stated:

"A false representation in an application for insurance which materially affects the acceptance of the risk entitles the insurer to cancellation *as a matter of law.*" (Emphasis supplied.)

The fact that the insurance policy did not affirmatively provide for cancellation under such circumstances does not operate as a bar to the insurer's ability to void the policy in the face of fraud. Common law has always permitted the avoidance of a contract procured by means of fraud. *New York Life Ins Co v Buchberg,* 249 Mich 317; 228 NW 770 (1930).

In *Government Employees Ins Co v Chavis,* 254 SC 507, 516-517; 176 SE2d 131 (1970), the South Carolina Supreme Court upheld the right of an insurer to rescind an automobile liability policy

because of fraudulent statements made in the procuring of it, although the insurer had not secured the right to do so in the policy. In doing so, the Court observed:

"We know of no authority which requires the insurer to reserve the right to rescind its policy for fraud or material misrepresentation."

We agree with the South Carolina Supreme Court.

Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals and reinstate the judgment of the trial court. The motion by the Minnesota Mutual Life Insurance Company for leave to file a brief amicus curiae is denied as moot.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.