849 F.2d 1473
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Delores REED, Plaintiff-Appellant,
v.
PRUDENTIAL INSURANCE COMPANY OF AMERICA, a foreign
corporation, Defendant- Appellee.
 No. 87-1657.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1988.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Delores Reed, beneficiary of her deceased husband's life insurance policy issued by defendant Prudential Insurance Company, appeals the district court's decision granting summary judgment for Prudential. Plaintiff argues that the district court erred because there are genuine issues of material fact as to whether the insured, Hezekiah Reed, made material misrepresentations on his insurance application. The district court concluded that Prudential was entitled to rescission of the insurance policy because there was no genuine issue of material fact that material misrepresentations were made by Mr. Reed, and that Prudential was entitled to summary judgment as a matter of law. Finding no error, we AFFIRM.
 
 I.
 
 2
 Hezekiah Reed, deceased husband of plaintiff, applied for life insurance with Prudential on March 15, 1983. The policy was a ten-year declining term policy, with an original value of $55,000. Part II of the application was a medical history questionnaire read to the insured by a registered nurse. It is undisputed that the responses recorded by the nurse were given by the insured. Negative responses were recorded to questions asking whether the insured had ever been treated by a doctor for, or had any known sign of, diabetes or a disease or disorder of the heart, arteries, or veins.
 
 
 3
 The policy was issued on March 19, 1983, and on December 4, 1984, Mr. Reed died of a massive heart attack. His wife, plaintiff in this action, submitted her claim for proceeds. Because the insured died within the two-year contestability period, Prudential conducted an investigation, which resulted in the discovery of medical records indicating that Mr. Reed had been treated for diabetes and phebitis (a disease of the veins). Prudential rescinded the policy under Michigan Compiled Laws Annotated section 500.2218. Prudential denied plaintiff's claim and offered to refund the premiums on May 7, 1985.
 
 
 4
 Plaintiff brought this breach of contract action for wrongfully denying proceeds in Michigan state court. Prudential successfully removed the case to federal court based on diversity jurisdiction. Prudential moved for summary judgment, submitting supporting affidavits and medical records.
 
 
 5
 Cecilia A. Buot, M.D., stated in her affidavit that Mr. Reed had received treatment from her for diabetes between 1977 and 1983. Furthermore, Dr. Buot stated "That Hezekiah Reed was informed by me and instructed during this period of treatment to monitor his diet in order to control his diabetic condition." Mr. Reed was hospitalized from April 27, 1977, to May 7, 1977, for severe vertigo and dizziness. The hospital record reflects that Dr. Buot diagnosed chemical diabetes mellitus. A glucose tolerance test revealed a diabetic curve and Mr. Reed was kept on a diabetic diet while in the hospital. A memorandum, addressed "to whom it may concern" and dated June 8, 1977, written by Dr. Buot, states that Mr. Reed was recently found to be diabetic and because of this was advised to work fewer hours and have more regulated eating habits. Dr. Buot also saw Mr. Reed while he was hospitalized in October 1983 for dizziness. Discharge diagnosis for this hospitalization included chemical diabetes, and the clinical resume prepared for the hospital states that Mr. Reed "is a known diabetic, but controlled with diet" and that Dr. Buot would follow up with Mr. Reed for his diabetes.
 
 
 6
 Regarding the phlebitis, Prudential offered the affidavits of its senior underwriter, James Meola, Jr., stating that hospital records showed that Mr. Reed was treated by Dr. Benison from January 6, 1981, to January 11, 1983, for a phlebitic condition of his right leg. On July 20, 1982, Dr. Benison noted signs of arteriosclerosis and intermittent claudication (pain or weakness on walking relieved by rest). Mr. Meola also stated by affidavit that the misrepresentations and misstatements on the application form were material to the risk and hazard, and that Prudential would not have issued the life insurance policy as applied for because of the misrepresentations.
 
 
 7
 Plaintiff responded that Mr. Reed did not have diabetes or phlebitis and that he answered all the questions on the application to the best of his knowledge. In support, plaintiff submitted an affidavit of H. Dave, M.D., Mr. Reed's treating physician from February 1981 to Mr. Reed's death. Dr. Dave stated that based upon tests, in his opinion, Mr. Reed was not a diabetic. Furthermore, Dr. Dave never treated Mr. Reed for any phlebitic condition.
 
 
 8
 The district court granted defendant's motion for summary judgment and dismissed the case. In its disposition from the bench, the court concluded that the evidence showed, without dispute, the extent of Mr. Reed's knowledge of treatment for the medical conditions and that "it is just very unlikely that the plaintiff would have spent almost two weeks in a hospital and received a diagnosis of diabetes and received treatment for phlebitis for over two years and not have been informed of either condition."
 
 II.
 
 9
 In reviewing a grant of summary judgment under Federal Rule of Civil Procedure 56, an appellate court must determine whether a genuine issue of material fact exists and whether the law was applied correctly. Crippen v. Kheder, 741 F.2d 102 (6th Cir.1984). This court will affirm a grant of summary judgment only when the record, taken as a whole and viewed in the light most favorable to the non-moving party, could not lead a rational trier of fact to find for that party. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). If the evidence proffered by the non-moving party is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, 477 U.S. 242 (1986).
 
 
 10
 Because this is a diversity action, Michigan law applies. The right of an insurer to rescind an insurance policy based on a material misrepresentation of fact affecting the acceptance of the risk by insurer is controlled by the Insurance Code of Michigan. Such misrepresentation entitles the insurer to cancellation as a matter of law. Wiedmayer v. Midland Mut. Ins. Co., 414 Mich. 369, 375, 324 N.W.2d 752, 755 (1982) (quoting General Am. Life Ins. Co. v. Wojciechowski, 314 Mich. 275, 281, 22 N.W.2d 371, 374 (1946)).
 
 
 11
 Section 500.2218 of the Michigan Compiled Laws Annotated in part provides:
 
 
 12
 The falsity of any statement in the application for any disability insurance policy covered by chapter 34 of this code may not bar the right to recovery thereunder unless such false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer.
 
 
 13
 (1) Material misrepresentation; refusal to insure. No misrepresentation shall avoid any contract of insurance or defeat recovery thereunder unless the misrepresentation was material. No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make the contract.
 
 
 14
 "In order to substantiate a claim of misrepresentation to avoid payment, the insurance company must: (1) demonstrate that misrepresentation was in fact made; (2) show that the insurer relied upon the statement; and, (3) prove that the misrepresentation was material to the risk and hazard accepted by the insurer." Howard v. Golden State Mut. Life Ins. Co., 60 Mich.App. 469, 477, 231 N.W.2d 655, 659 (1975). Prudential need not prove a fraudulent intent on Mr. Reed's part in order to cancel the policy. Wiedmayer v. Midland Mut. Ins. Co., 108 Mich.App. 96, 310 N.W.2d 285 (1981), rev'd on other grounds, 414 Mich. 369, 324 N.W.2d 752 (1982). Mr. Reed had a duty to answer the questions truthfully as the truth was known to him. Woodall Indus., Inc. v. Massachusetts Mut. Life Ins. Co., 483 F.2d 986, 989 (6th Cir.1973) (policy rescinded when insured told by physician that he had a significant heart murmur secondary to defective valve and insured denied on application that he had been told at any time that he had a heart disorder), cert. denied, 414 U.S. 1131 (1974).
 
 
 15
 As discussed above, Prudential submitted evidence that showed that Mr. Reed was treated for diabetes from 1977 to 1983 by Dr. Buot, and treated for a phlebitic condition from 1981 to 1983 by Dr. Benison. The evidence proffered by plaintiff does nothing to refute this history of treatment. Rather, the affidavit from Dr. Dave merely establishes that he did not diagnose or treat Mr. Reed for either condition. Given that Dr. Buot placed Mr. Reed on a diabetic diet and expressly stated that she discussed his condition with him, no conclusion can be reached but that Mr. Reed knew that he was being treated for diabetes.
 
 
 16
 Plaintiff has offered no evidence to rebut the affidavit of Prudential's underwriter that the policy as written would not have been issued but for the misrepresentations. Whether Prudential materially relied upon the misrepresentations is not a question for the jury, but a question of law appropriate for summary judgment. See Woodall Indus., 483 F.2d at 990 (directed verdict for insurer should have been granted). Therefore, although the district court may have used a poor choice of words in stating that it was "very unlikely" that Mr. Reed did not know of his treatment for diabetes and phlebitis, the district court properly granted Prudential's motion for summary judgment. Accordingly, we AFFIRM.