LEGEL v AMERICAN COMMUNITY MUTUAL INSURANCE
COMPANY

Docket No. 138573. Submitted February 3, 1993, at Detroit. Decided
March 31, 1993; approved for publication September 28, 1993,
at 9:05 A.M.

Marianne and Jack Legel brought an action in the Wayne Circuit
Court against American Community Mutual Insurance Com-
pany, their medical insurer, seeking a declaration that the
defendant must pay the plaintiffs' claim for Jack Legel's hospi-
talization. The court, Claudia House Morcom, J., granted sum-
mary disposition for the defendant, ruling that the plaintiffs
had made material misstatements on their application for
insurance with respect to Jack Legel's history of alcoholism,
thereby absolving the defendant from liability under the policy.
The plaintiff appealed.

The Court of Appeals *held:*

1. An insurer need not prove fraudulent intent in order to
cancel an insurance policy where, as in this case, an applicant
makes a material misstatement concerning prior medical his-
tory.

2. The policy at issue here provided that after two years from
its effective date the defendant could not deny coverage on the
basis of a misstatement on the application for insurance or on
the basis that a disease or physical condition had existed before
the effective date of coverage. The hospitalization underlying
the plaintiffs' claim occurred within two years of the effective
date of the policy. Accordingly, the defendant properly could
deny the claim on the basis of the material misstatements on
the application.

Affirmed.

INSURANCE — MATERIAL MISREPRESENTATION — FRAUD.

An insurer need not prove fraudulent intent in order to cancel an
insurance policy where an applicant makes a material mis-
statement concerning prior medical history.

REFERENCES

Am Jur 2d, Insurance §§ 430, 431, 1011-1014.
See ALR Index under Alcoholics and Alcoholism; Health and Acci-
dent Insurance.

*Gerald S. Surowiec,* for the plaintiffs.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Gail P. Massad*), for the defendant.

Before: DOCTOROFF, C.J., and BRENNAN and NEFF, JJ.

PER CURIAM. Plaintiffs appeal as of right from a February 27, 1991, order granting defendant summary disposition pursuant to MCR 2.116(C)(10) and dismissing plaintiffs' case. Plaintiffs filed a declaratory judgment action after defendant denied their claim for payment arising out of plaintiff Jack Legel's hospitalization and canceled their policy for making false statements on their application for insurance. We affirm.

Plaintiffs argue that the court erred in granting defendant summary disposition because a question of fact existed concerning whether the statement at issue in the application was made in good faith and without fraudulent intent. However, it is unnecessary for an insurer to show fraudulent intent in order to cancel an insurance policy where an applicant makes a material misstatement concerning prior medical history. *Wiedmayer v Midland Mutual Life Ins Co,* 108 Mich App 96, 100; 310 NW2d 285 (1981), rev'd on other grounds 414 Mich 369; 324 NW2d 752 (1982). The insurance application in the present case contained a question that asked whether the applicant(s) had "ever been advised to have or had treatment for, or been arrested for, the use of alcohol, narcotics, or hallucinogenic drugs." The response was no. The record reveals that before filling out the application, Jack Legel had been convicted of operating a vehicle while under the influence of alcohol and of possession of drug paraphernalia. Further, he had under-

gone substance abuse counseling as a condition of his sentence. Therefore, plaintiffs clearly made a material misrepresentation on their application. Marianne Legel argues that she believed that she was the primary insured and that the questions principally applied to her. However, the application listed Jack Legel as the proposed insured and listed Marianne as his spouse. Moreover, the insurance application stated that the questions applied to each person proposed for insurance. Therefore, we find that reversal is not warranted on this basis.

Plaintiffs further argue that the court erred in granting defendant summary disposition where the policy provided that it could not be canceled for misstatements after two years from the effective date of the policy. We again disagree. If the language of an insurance policy is clear, the construction is a question of law for the court. *Hafner v DAIIE*, 176 Mich App 151, 156; 438 NW2d 891 (1989). The policy in the instant case provided:

Time Limit on Certain Defenses.

(a) After two years from the Policy Date of this policy no misstatements, except fraudulent misstatements, made by the applicant in the original application for this policy shall be used to void the policy or deny a claim for loss incurred by or on behalf of any Family Member insured on the Policy Date commencing after the expiration of such two year period. No misstatements, except fraudulent misstatements, made by the applicant in any application required for the addition of one or more persons to the Family Members shall be used to void the policy or to deny a claim for loss incurred by or on behalf of such Family Member after this policy has been in force for two years following the effective date of coverage for such Family Member.

(b) No claim for loss incurred by or on behalf of

a Family Member after two years from the effective date of coverage for such Family Member shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this policy with respect to such Family Member.

In the present case, the effective date of the policy was June 4, 1984. Jack Legel was hospitalized in April and May 1986 for alcohol abuse problems. At that time it was discovered that he had a thirty-year history of alcohol abuse. Because the claim occurred within two years of the effective date of the policy, defendant could properly cancel plaintiffs' policy pursuant to either section cited above. Having found no genuine issue of fact, we find that the trial court properly granted defendant summary disposition. *Kreager v State Farm Mutual Automobile Ins Co,* 197 Mich App 577; 496 NW2d 346 (1992).

Affirmed.